**Hugh BOLES, et al.,**
**Plaintiffs-Appellants,**

v.

**ONTON DOCK, INC., et al.,**
**Defendants-Appellees.**

No. 80–3412.

United States Court of Appeals,
Sixth Circuit.

Argued July 9, 1981.

Decided and Filed Sept. 16, 1981.

David C. Brodie, Grover C. Cox, Owensboro, Ky., for plaintiffs-appellants.

Richard L. Frymire, Moore, Morrow & Frymire, Joe A. Evans, III, Madisonville, Ky., for Onton Dock & Carlisle.

Laura Keller, K. D. N. R. & E. P., Alan L. Harrington, Frankfort, Ky., for Ky. Dept. for Nat. Resource.

Hayes P. Ted Haddox, U. S. Army Corps. of Engineers, Louisville, Ky., for Nask & Whitlock.

Sandra D. Freeburger, King, Deep & Branaman, Sebree, Ky., for Fridy.

John L. Smith, U. S. Atty., Hancy Jones, III, Asst. U. S. Atty., Louisville, Ky., Robert D. Clark, Dept. of Justice, Washington, D. C., for Secretary of the Army.

Before EDWARDS, WEICK and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal from a decision by the United States District Court for the Western District of Kentucky granting the defendants' motions for summary judgment, Honorable James Gordon presiding. The action in the district court was brought to contest the granting of a permit under Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. 403 and Section 404 of the Clean Water Act, as amended 33 U.S.C. 1344, by the United States Army Corps of Engineers to Onton Dock, Inc., for the construction of a coal loading facility and fleeting operation on the right bank of the Green River near the village of Onton, Kentucky. The issues on appeal concern the propriety of actions taken by the Corps under these statutes and under the National Environmental Policy Act, 42 U.S.C. 4331 *et seq.*

There was no essential disagreement as to the facts which were stated at length in the district court's opinion. It stated: The only area of disagreement is whether the proposed facility will significantly affect the quality of the human environment. In a well reasoned opinion, the Court held that it would not significantly affect the human environment.

The issues on appeal are: (1) The appropriate standard for reviewing the Corps of Engineer's actions under the National Environmental Policy Act, the Rivers and Harbors Act and the Clean Water Act; (2) Whether the Corps should have considered alternatives; (3) Whether the citizens of Onton, Kentucky, were given adequate notice and opportunity for a hearing.

Section 102(2)(C) of the National Environmental Policy Act, 42 U.S.C. 4332(2)(C), requires that an Environmental Impact Statement be filed on "major Federal actions significantly affecting the quality of human environment." The Corps of Engineers has "develope[d] specific criteria and methods for identifying those actions likely to require environmental statements", 40 C.F.R. 1500.6(C), and has identified "types of actions which normally do and types of actions which normally do. not, require statements." *Id.* Those regulations provide in part:

(1) The District Engineer, at the earliest practicable time prior to issuance of a Public Notice, shall make a preliminary determination as to whether the quality of human environment would be significantly affected. This preliminary assessment will normally be based on experience with similar activities performed in the past . . .

(2) If the District Engineer's final determination . . . . is that the proposed work will not significantly affect the quality of the human environment, the District Engineer's determination shall be documented, dated, and placed in' the record as his Environmental Assessment.

33 C.F.R. 325.4(B)(1) and (2).

The primary issue raised by appellants concerns the scope of review of the Corps' decision that an Impact Statement was not necessary. Appellants contend that the proper standard of review is whether the Corps' decision was reasonable, and not whether it was arbitrary and capricious. No matter what standard courts have used, they have looked to see whether the Corps made a reasoned determination.

In the present case, the Corp's determination rests on the following: (1) based on experience, this type of project does not

normally cause a significant impact, 33 C.F.R. 325.4(B)(1) and (2), *supra,* (2) a field inspection team examined the site and the foreseeable effects of the dock on the surrounding area, (3) the Corps obtained an archeological field survey of the area from the State of Kentucky, (4) the Corps obtained the opinion of the U. S. Environmental Protection Agency, the U. S. Fish and Wildlife Service, and the Kentucky Department of Natural Resources (As to the first two, the Corps received a statement of "no comment". The undisputed evidentiary materials submitted in support of the Corps' motion for summary judgment established that "no comment" means the agency can foresee no problems with the proposed project), and (5) the Corps imposed a number of significant environmental protection measures as a condition to issuance of the permit.

The appellants argue that the determination was unreasonable. They point to those factors cited by Richard Frank in his report to Chief Whitlock. Specifically, Frank indicated "possible" detrimental effects of the project to the following: (1) conservation, (2) aesthetics, (3) water pollution, (4) navigation, (5) fish and wildlife values, (6) recreation, and (7) water quality. They argue, in essence, that the agency should have accepted these comments. But Chief Whitlock did consider Frank's comments; he simply rejected them based on additional information as not being "significant in scope." In our opinion, the decision of the Corps was not arbitrary or capricious. The Corps made a well reasoned determination which we believe was correct.

■ Appellants next argue that the Corps should have considered alternatives. Two provisions of 42 U.S.C. § 4332 bear on the responsibility of the Corps to consider alternatives. Under § 4332(2)(C), the Corps was required to consider "alternatives to proposed action" for all "major Federal actions significantly affecting the quality of the human environment." This duty, thus, was triggered by the conditions which require an impact statement. Since we have concluded that no statement was required

in the instant case, it follows that no duty arose under § 4332(2)(C). Under § 4332(2)(E), the Corps was required to "study, develop, and describe appropriate alternatives . . . in any proposal which involves unresolved conflicts concerning alternative uses of available resources." In the instant case, there simply are no "unresolved conflicts." Based on the information possessed by the Corps, it reasonably could have concluded that other sites would not be materially better than the site selected.

■ Appellants' final argument is that they were entitled to notice and a hearing under the Corps regulations. Specifically, appellants contend that the Corps violated 33 C.F.R. 325.3, which provides in part:

Public notices will be distributed for posting in post offices or other appropriate public places in vicinity of the site of the proposed work and will be sent to the applicant, to appropriate city and county officials, to adjoining land owners, to appropriate State agencies, to concerned Federal agencies, to local, regional and national shipping and other concerned businesses and conservation organizations, to appropriate River Basis Commission [sic] and to any other interested party.

Appellants argue simply that the Corps did not post a notice at the Onton Firestation. This, the Corps admits, but nonetheless argues that it complied with the regulation. The Corps argues that the regulation was complied with by the following: notice was sent to the local newspapers, to the postmasters of the adjacent towns, to all adjacent landowners, to local government officers and the local members of Congress, and to all persons and organizations on a list of 300 who had indicated that they wanted to be informed of the Corps projects or permit grantings in the area. We agree. Only one person requested a hearing, which request he later withdrew. There was no duty to provide for a hearing which no one requested.

In our opinion, as found by the district court, the Corps sufficiently complied with all applicable statutes and regulations and

there is no merit in appellants' contentions. These findings of fact were supported by uncontroverted evidence. The district court's conclusions of law were correct.

The judgment of the district court is affirmed.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge, dissenting.

The United States Army Corps of Engineers issued a permit to defendant, Onton Dock, Inc., authorizing the construction of a coal loading facility on the banks of the Green River. One year after the date of the permit, plaintiff's representing families in the unincorporated community of Onton filed this action seeking to have the United States District Court nullify the permit on the ground that the Corps of Engineers should have prepared but did not prepare an environmental impact statement.

This case has never been tried. It was decided on a motion for summary judgment filed by Onton Dock, Inc., and the Corps of Engineers. In view of the conceded facts that the dock was going to have the effect of bringing 200 round trips per day by heavy coal trucks through the Village of Onton on a two-lane roadway, the District Court should have required the Corps of Engineers to consider the effect of this project on the Village of Onton, and if significant impact on said village was found, to prepare an environmental impact statement.

I dissent.