No. 84–1062. GEE v. BOYD, DISTRICT ENGINEER, NORFOLK DISTRICT OF THE CORPS OF ENGINEERS OF THE UNITED STATES DEPARTMENT OF THE ARMY, ET AL. C. A. 4th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

In 1982, the city of Norfolk sought permission from the Army Corps of Engineers to construct a 298-slip marina at the site of an abandoned ferry and near two existing marinas. The Corps issued an "environmental assessment"[1] concerning the project, which concluded that the socioeconomic benefits of the project outweighed its likely adverse impact on the aquatic ecosystem. The Corps further concluded that the project would not "significantly affect . . . the quality of the human environment," see 42 U. S. C. § 4332(2)(C), thereby making unnecessary the preparation of an environmental impact statement (EIS). On the same day, the Corps issued a permit to the city clearing the project.

Petitioner, a partner in a venture that owns property near the site of the proposed marina, subsequently filed suit, challenging, *inter alia*, the Corps' failure to prepare an EIS.[2] The District Court granted summary judgment to respondents and denied petitioner's cross-motion for summary judgment. On appeal, the Court of Appeals for the Fourth Circuit, like the District Court, employed an "arbitrary and capricious" standard in reviewing the agency's determination that the proposed marina would have no significant effect on the environment. *Gee* v. *Hudson*, 746 F. 2d 1471 (1984). See also *Webb* v. *Gorsuch*, 699 F. 2d 157, 160 (CA4 1983); *Providence Road Community Assn.* v. *EPA*, 683 F. 2d 80, 82 (CA4 1982). The court held that neither this finding, nor the agency's failure to consider the effect of possible future marinas on the environment, was arbitrary or capricious.

---

[1] An "environmental assessment" is a brief document that the Army Corps of Engineers prepares in order to determine whether a proposed action will have a significant effect on the human environment. If such an effect is anticipated, a more detailed "environmental impact statement" is required under 42 U. S. C. § 4332(2)(C). See App. to Pet. for Cert. 15a–16a, n. 1.

[2] Petitioner also contended that respondents failed to consider all reasonable alternatives and mitigation measures as required by 42 U. S. C. § 4332(2)(E), and that they had failed to verify certain financial data submitted by the applicant. These claims were rejected by the lower courts.

The decision below is the most recent in a long line of cases that have used divergent standards of review to assess an agency's failure to prepare an EIS. The First, Second, and Seventh Circuits, like the Fourth, will reverse such agency action only if it is arbitrary or capricious. See *Grazing Fields Farm* v. *Goldschmidt*, 626 F. 2d 1068, 1072 (CA1 1980); *Hanly* v. *Kleindienst*, 471 F. 2d 823, 828–829 (CA2 1972), cert. denied, 412 U. S. 908 (1973); *Nucleus of Chicago Homeowners Assn.* v. *Lynn*, 524 F. 2d 225, 229 (CA7 1975), cert. denied *sub nom. Nucleus of Chicago Homeowners Assn.* v. *Hill*, 424 U. S. 967 (1976). Four other Circuits have employed a "reasonableness" standard of review. See *Save Our Ten Acres* v. *Kreger*, 472 F. 2d 463, 466 (CA5 1973); *Winnebago Tribe of Nebraska* v. *Ray*, 621 F. 2d 269, 271 (CA8), cert. denied, 449 U. S. 836 (1980); *Foundation for North American Wild Sheep* v. *United States Dept. of Agriculture*, 681 F. 2d 1172, 1177–1178 (CA9 1982); *Wyoming Outdoor Coordinating Council* v. *Butz*, 484 F. 2d 1244, 1248–1249 (CA10 1973).[3] The Third Circuit has assumed, without deciding, that a "reasonableness" standard is appropriate, *Township of Lower Alloways Creek* v. *Public Service Electric & Gas Co.*, 687 F. 2d 732, 741–742 (1982), and the Sixth Circuit has similarly declined to choose between the two standards. *Boles* v. *Onton Dock, Inc.*, 659 F. 2d 74, 75 (1981). The Court of Appeals for the District of Columbia Circuit has developed a four-part test to determine whether the agency action is arbitrary and capricious. *Sierra Club* v. *Peterson*, 230 U. S. App. D. C. 352, 717 F. 2d 1409 (1983).[4]

---

[3] The Eleventh Circuit has adopted as binding decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner* v. *City of Prichard*, 661 F. 2d 1206 (CA11 1981) (en banc). Therefore, the Eleventh Circuit would presumably employ a "reasonableness" standard in reviewing the failure to prepare an EIS statement.

Courts that have applied a "reasonableness" standard have generally placed an initial burden on the plaintiff of raising a "substantial environmental issue concerning the proposed project," after which the burden shifts to the agency to demonstrate the reasonableness of its negative determination. See *Winnebago Tribe of Nebraska* v. *Ray*, 621 F. 2d, at 271. See also *Foundation for North American Wild Sheep* v. *United States Dept. of Agriculture*, 681 F. 2d, at 1178; *Pokorny* v. *Castle*, 464 F. Supp. 1273, 1276 (Neb. 1979).

[4] The test used by the District of Columbia Circuit in scrutinizing an agency's finding of "no significant impact" is:

"(1) whether the agency took a 'hard look' at the problem;

This conflict is not merely semantic or academic. Certainly, there are individual cases in which application of one standard rather than the other makes no difference. But the lower courts that have wrestled with the question of what rule to adopt clearly have not viewed the issue as one that might be settled by the flip of a coin. Courts that have chosen the "reasonableness" standard have relied on the importance of "the basic jurisdiction-type conclusion involved,"[5] or on the "mandatory nature" of the statute's language.[6] In settling on this more stringent rule, the Court of Appeals for the Fifth Circuit expressed the concern that "[t]he spirit of the Act would die aborning if a facile, ex parte decision that the project was minor or did not significantly affect environment were too well shielded from impartial review." *Save Our Ten Acres, supra,* at 466. In contrast, courts adopting the "arbitrary and capricious" test have emphasized that the decision not to prepare an EIS is one committed to the agency's discretion,[7] and that application of a more deferential standard "permits the agencies to have some leeway in applying the law to factual contexts in which they possess expertise."[8] The Court of Appeals did not state in this case that it would have reached the same result under a "reasonableness" standard,[9] and it is not for us to say what conclusions it might have drawn had it applied different considerations to these facts.

The lower courts have long been in disarray on what standard of review to apply to an agency's decision not to undertake an EIS. I would grant certiorari to end this confusion.

"(2) whether the agency identified the relevant areas of environmental concern;

"(3) as to the problems studied and identified, whether the agency made a convincing case that the impact was insignificant; and

"(4) if there was an impact of true significance, whether the agency convincingly established that changes in the project sufficiently reduced it to a minimum." 230 U. S. App. D. C., at 356, 717 F. 2d, at 1413.

[5] *Save Our Ten Acres* v. *Kreger,* 472 F. 2d 463, 466 (CA5 1973).

[6] *Foundation for North American Wild Sheep* v. *United States Dept. of Agriculture, supra,* at 1177, n. 24; see also *Wyoming Outdoor Coordinating Council* v. *Butz,* 484 F. 2d 1244, 1249 (CA10 1973).

[7] *Providence Road Community Assn.* v. *EPA,* 683 F. 2d 80, 82 (CA4 1982).

[8] *Hanly* v. *Kleindienst,* 471 F. 2d 823, 829–830 (CA2 1972), cert. denied, 412 U. S. 908 (1973). See also *First National Bank of Chicago* v. *Richardson,* 484 F. 2d 1369, 1381 (CA7 1973).

[9] Cf. *Providence Road Community Assn., supra,* at 82, n. 3.