No. 85–785. RIVER ROAD ALLIANCE, INC., ET AL. *v.* CORPS OF ENGINEERS OF THE UNITED STATES ARMY ET AL.; and

No. 85–800. ILLINOIS *v.* CORPS OF ENGINEERS OF THE UNITED STATES ARMY ET AL. C. A. 7th Cir. Certiorari denied. Reported below: 764 F. 2d 445.

JUSTICE WHITE, dissenting.

In 1980, respondent National Marine Service applied to respondent Army Corps of Engineers for a permit to construct a temporary barge-fleeting facility on the Mississippi River. After holding a public hearing on the environmental effects of the proposed facility, the Corps issued a brief "environmental assessment" concluding that the facility would have no significant environmental effects. Based on this conclusion, the Corps determined that it was not required to prepare an Environmental Impact Statement (EIS) on the proposed project, since such an EIS is required by the National Environmental Policy Act (NEPA), 83 Stat. 853, 42 U. S. C. § 4332(2)(C), only for projects that will "significantly affec[t] the quality of the human environment." Thus, the Corps issued the permit sought.

Petitioners, the State of Illinois and others including River Road Alliance, Inc., brought suit in the United States District Court for the Southern District of Illinois, challenging the issuance of the permit and the Corps' underlying finding of no significant environmental effects. On petitioners' motion for summary judgment, the District Court found that "[w]hile paying lip service to [NEPA], the Corps has failed to take the 'hard look' required to support its conclusions, and has failed to document that 'hard look' in the Environmental Assessment . . . ." App. to Pet. for Cert. in No. 85–800, p. 33. Based on this conclusion, the District Court held that the Corps' action was arbitrary and capricious and entered judgment in favor of petitioners.

On appeal, the United States Court of Appeals for the Seventh Circuit reversed. 764 F. 2d 445 (1985). While observing that

that court had previously held that an agency's decision not to prepare an EIS is reviewed only for an abuse of discretion, see, e. g., *Wisconsin* v. *Weinberger*, 745 F. 2d 412, 417 (CA7 1984), the Court of Appeals in this case acknowledged that other Courts of Appeals have held that such decisions are reviewed for reasonableness. 764 F. 2d, at 449. Having noted these differing formulations, the Court of Appeals expressed its doubt as to the "practical difference" between the two standards: "There is plenary review and there is deferential review, and whether it is fruitful to attempt fine gradations within the second category may be doubted, though there is no need to resolve our doubt here." *Ibid.* The court then declined to substitute its judgment for the Corps' and reversed the decision of the District Court.

Although the precise contours of the Court of Appeals' review in this case are somewhat unclear, the decision below again presents to this Court the unresolved question of the standard of review to be applied by courts reviewing an agency decision not to prepare an EIS. I have noted before the divergent standards of review invoked by the various Courts of Appeals in this context, see *Gee* v. *Boyd*, 471 U. S. 1058, 1059 (1985) (dissenting from denial of certiorari), and I will not again detail the alignment of the lower courts here. I reiterate, however, my previously expressed view that "[t]his conflict is not merely semantic or academic": The courts that invoke the abuse-of-discretion or arbitrary-and-capricious standard emphasize that the decision is committed to the agency's discretion and expertise; the courts that invoke the reasonableness standard, in contrast, stress the nondiscretionary nature of NEPA's language. *Id.*, at 1060. Because this conflict among the Circuits raises a significant question as to the proper interpretation of a federal statute, because this question recurs regularly, and because I believe that the issue is not merely one of semantics, I would grant certiorari to resolve the issue.