**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Edward A. CANTOR, et al., Defendants.**

**94 Civ. 8079 (JGK).**

United States District Court,
S.D. New York.

Dec. 13, 1996.

Carmen J. Lawrence, Regional Director by Andrew Wertheim, New York City, for the Government.

Bruce I. Afran, Princeton, NJ, for the Defendants.

## OPINION AND ORDER

KOELTL, District Judge:

On July 30, 1996, this Court granted partial summary judgment for the Securities and Exchange Commission ("SEC"), on its claims against Michael Levine. At issue were two series of trades by Levine that the SEC alleged violated Section 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 14e–3 promulgated thereunder. The Court granted summary judgment on the SEC's claims regarding one series of trades, but denied summary judgment on the other because there were genuine issues of material fact. The Court found that the disgorgement of profits, civil penalties and an injunction would be appropriate. On October 25, 1996, Levine's motion for reargument was denied.

The SEC now moves pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order dismissing all further claims against Levine,[1] and for the entry, pursuant to Federal Rules of Civil Procedure 54 and 58, of its Proposed Final Judgment of Permanent Injunction and Other Relief Against Michael Levine ("Proposed Final Judgment"). Levine, while not opposing the SEC's motion to dismiss the remaining claims, has filed a series of specific objections to the SEC's Proposed Final Judgment. The Court makes the following rulings with respect to these objections, rulings which are reflected in the Judgment entered by the Court.

### I.

Levine's first two objections concern the scope of the activities he is enjoined from

---

**1.** The other two defendants in this case, Edward A. Cantor and David P. Schwartz have already settled with the SEC.

engaging in by the permanent injunction. Levine argues that the language found in Section I(C) of the Proposed Final Judgment, enjoining him from "communicating material information relating to a tender offer ... to any other person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities ..." is overbroad because this Court, in finding that Levine had violated Section 14(e) of the Exchange Act, did not find that he had engaged in communicating material information, which is commonly known as "tipping."

Levine also objects to being enjoined, in Section I(A) of the Proposed Final Judgment, from "making any untrue statement of a material fact or omitting to state any material fact ... in connection with ... [any] request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request or invitation." Levine argues that this language is overbroad because his violation concerned a tender offer made by a third party, not his own creation of a tender offer or his solicitation of investors.

"A trial judge is vested with considerable discretion in granting injunctive relief [to remedy a violation of the securities laws] ... There need only be a reasonable likelihood that the activity complained of will be repeated." *Securities and Exchange Commission v. Materia,* 745 F.2d 197, 200 (2d Cir. 1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2112, 85 L.Ed.2d 477 (1985) (citing *Securities and Exchange Commission v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1102 (2d Cir.1972)). "Moreover, once the equity jurisdiction of the district court has been properly invoked, the court has the power to order all equitable relief necessary under the circumstances." *Materia,* 745 F.2d at 200 (citing *Chris–Craft Industries, Inc., v. Piper Aircraft Corp.,* 480 F.2d 341, 390 (2d Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 231, 232, 38 L.Ed.2d 148 (1973)).

"There can be no abuse of discretion in framing an injunction in terms of the specific statutory provision which the court concludes has been violated." *Manor Nursing Centers,* 458 F.2d at 1103. In addition, " '[a] federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past.' " *Id.* at 1102.

■ In raising these first two objections, Levine is essentially arguing that he should not be enjoined from any activity not found in the particular subsections he was found to have violated. However, tipping, and providing false material information or omitting material information in regard to a tender offer, are within the same "type or class" as the unlawful acts for which he was found liable, and are prohibited by the same statute. Moreover, this Court found that there was a reasonable likelihood that Levine would again violate Section 14(e) of the Exchange Act. (Transcript of July 30, 1996, Hearing at 38–39). Thus, the broader language found in the Proposed Final Judgment is appropriate to adequately protect the public against these specific future violations of the securities laws, violations which can be "fairly anticipated from the defendant's conduct in the past."

■ In a related objection, Levine claims that the injunction is overbroad in terms of whom it covers. Section VI of the injunction is binding on Levine and "his officers, agents, servants, employees, and attorneys, and upon those in active concert or participation with them...." Levine argues that because no officer, agent, servant, employee or attorney was involved in his offense, this language should not be included in the injunction.

Given that Levine is an individual, and not a corporation, he is correct that the injunction should not include his "officers." However, to protect the public against the ways in which future violations can reasonably be anticipated to occur, the injunction should apply beyond Levine himself. Thus, with the exception of the deletion of "officer," Section VI will remain as it appears in the Proposed Final Judgment.

**315**

## II.

While acknowledging that prejudgment interest is appropriate in this case, Levine objects to the SEC's use of the Internal Revenue Service ("IRS") interest rate for underpaid taxes to calculate prejudgment interest. Levine argues that the New York State prejudgment interest rate should be used because it would yield a lower rate than the IRS interest rate. This argument is without merit. The Court of Appeals for the Second Circuit has found that the IRS interest rate is the appropriate interest rate to be used in calculating prejudgment interest. *Securities and Exchange Commission v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1477 (2nd Cir.1996).

Finally, Levine objects to being given only ten days to make the payments required by the Judgment.[2] Given the amount of money at issue and the SEC's failure to show that it will suffer any hardship or prejudice from an extension of time, Levine shall be given thirty days to make the required payment.

**SO ORDERED.**

---

2. Levine also objected to the reference in the Proposed Judgment to a Consent signed by the parties, stating that no such Consent had been reached. The SEC, in its reply papers, acknowledged that no Consent had been reached, and stated that this reference was inadvertently included. Therefore, this reference has been deleted from the Final Judgment.