[No. 3130.   Nov. 9, 1927.]

STATE v. TAYLOR.

[261 Pac. 808.]

M. C. Spicer, of Los Angeles, Cal., for appellant.

Fred E. Wilson, Atty. Gen., and J. N. Bujac, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.   The information charged that:

Appellant "* * * did * *·* in and upon one Refufio Aragon, * * * unlawfully, feloniously, willfully, deliberately, premeditatedly of

malice aforethought and from a deliberate and premeditated design then and there unlawfully and maliciously to effect the death of him, the said Refufio Aragon, make an assault, and that the said B. H. Taylor a certain rifle the same being then and there a deadly weapon, which rifle the said B. H. Taylor in his hands then and there had and held him, the said Refufio Aragon, unlawfully, feloniously, and deliberately, premeditatedly of his malice aforethought and from a deliberate and premeditated design then and there unlawfully and maliciously to effect the death of said Refufio Aragon did strike, beat, bruise, wound, and illtreat thereby and by means thereof, inflicting upon the said Refufio Aragon, in and upon the head of him, the said Refufio Aragon divers grievous bruises, cuts, and wounds, with intent then and there him the said Refufio Aragon unlawfully, feloniously, willfully, deliberately, premeditatedly of malice aforethought and from a deliberate and premeditated design then and there unlawfully and maliciously to effect the death of the said Refufio Aragon, and him to kill and murder. * * *"

At the close of the case appellant moved for a directed verdict, upon the ground that there was no evidence to sustain a conviction of assault with intent to murder. The court overruled the motion, but instructed the jury that the evidence would not warrant a conviction of assault with intent to murder, and thereupon, over appellant's objections, submitted to the jury whether appellant was guilty of the offense of assault with a deadly weapon, of which latter offense appellant was convicted.

It is admitted that the indictment charges all necessary facts to constitute the offense of assault with a deadly weapon. Under the holding of the territorial Supreme Court in Territory v. Alarid, 15 N. M. 165, 106 P. 371, the action of the trial court would have been proper. The question is whether the law was changed by chapter 145 of the Laws of 1925, entitled "An act to vitalize the amendment to the Constitution adopted at the November election, 1924, and providing procedure in criminal cases and repealing all laws in conflict therewith."

Sections 7 and 9 of said chapter 145 are as follows:

"Sec. 7. *Indictment or Information Must be Certain and Direct.* The indictment or information must be direct and certain as it regards:

"First. The party charged.

"Second. The offense charged.

"Third. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

"Sec. 9. *Charge One Offense—Different Counts.* The indictment or information must charge but one offense; but where the same acts may constitute different offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same court (count)."

This chapter was undoubtedly adopted from Oklahoma. Revised Laws of Oklahoma 1910, §§ 5737-5759, are substantially the same as sections 5-27 of our chapter 145. It is familiar law that, with the statute, we adopted the construction placed upon it by the Oklahoma court.

In Colon Cochran v. State, 4 Okl. Cr. 379, 111 P. 974, it was held that, though an information charging conjoint robbery set forth all elements of the crime of riot, there could be no conviction of the latter, unless it was charged in a separate count. The rigor of the Oklahoma statute which we have adopted is somewhat modified by the following distinct statutory provision:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Revised Laws of Oklahoma 1910, § 5923.

New Mexico has no such provision. The Oklahoma Criminal Court of Appeals held that the last-quoted section must be construed in connection with section 5741, corresponding to section 9 of our chapter 145. The court said:

"It therefore cannot mean that the jury can convict a defendant of any offense necessarily included in the allegations of the indictment, for a skillful pleader could so shape the allegations of an indictment as to include several separate and distinct offenses in the same count. It will be found upon an analysis of this section that the jury have no power to convict a defendant of any offense unless it is necessarily included in the offense with which he is charged in the information or indictment, or an attempt to commit such offense."

The court then proceeded to demonstrate that the offense of riot is not necessarily included within that of conjoint robbery. It is equally demonstrable that assault with

a deadly weapon (Code 1915, §§ 1704 and 1706) is not necessarily included within the offense of assault with intent to murder (Code 1915, §§ 1480 and 1481). The Oklahoma court then proceeded:

"Under section 6699, Snyder's Comp. Laws Okl. 1909 (Rev. Laws 1910, § 5741, corresponding to our section 9, chapter 145, supra), there can be no impropriety in incorporating a count for riot in an information or indictment for robbery, when the proof renders it uncertain as to which offense was actually committed, and when by proper averments it is made to appear that both counts are based upon the same transaction. Sturgis v. State, 2 Okl. Cr. 363, 102 P. 57. The offenses of robbery and riot, while separate and distinct, are in many respects so much alike that cases may arise in which it would be uncertain as to which offense had been actually committed."

The court, after setting forth the instruction, proceeded:

"This instruction was responsive to the evidence in the case, and, if the information had contained a count charging the offense of riot, the instruction would have been proper. If the jury had believed the witnesses for the state, the defendant was guilty of robbery. If, on the other hand, they entertained a reasonable doubt as to the purpose of the defendant in taking the pistols, the defendant was guilty of riot. Before the question of riot could be submitted to or passed upon by the jury under section 6699, Snyder's Comp. Laws Okla. 1909, the information must have contained a separate count charging riot. This is the statute law of the state, and we have no power to change it."

In a later case the same court applied the same principle in reversing a conviction of assault with a dangerous weapon under an information for assault with intent to kill. Polk v. State, 15 Okl. Cr. 324, 176 P. 538.

These decisions are controlling and constrain us to hold that the court erred in submitting assault with a deadly weapon. The judgment must therefore be reversed, and the cause remanded, with direction to discharge the appellant.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.