[No. 3428.  Aug. 14, 1929.]

## BURKETT v. DISTRICT COURT FOR NINTH JUDICIAL DIST., DE BACA COUNTY.

[280 Pac. 406.]

Tom W. Neal, of Las Vegas, for petitioner.

M. A. Otero, Jr., Atty. Gen., and J. A. Miller, Asst. Atty. Gen., for respondent.

### OPINION OF THE COURT

WATSON, J.  This is an application for a writ of prohibition against putting the petitioner to trial for manslaughter.

Petitioner was indicted in 1922 for murder in the first degree.  His conviction of murder in the second degree was reversed by this court.  State v. Burkett, 30 N. M. 382, 234 P. 681.  Upon the same indictment he was retried and convicted of manslaughter.  This judgment was also reversed.  State v. Burkett, 33 N. M. 159, 262 P. 532.

Petitioner contends that, under Laws 1925, c. 145, § 9, the indictment for murder in the first degree is insufficient to warrant a trial or sustain a conviction for manslaughter.  He relies upon State v. Taylor, 33 N. M. 35, 261 P. 808, where we held that an indictment for assault with intent to kill would not sustain a conviction for assault with a deadly weapon.

It is unnecessary here to consider petitioner's contention that the statute and decision mentioned establish the proposition that one may not be tried or convicted for manslaughter under an indictment for murder in the first degree. Such a conclusion would not affect petitioner's situation unless the statute is found to be retroactive.

Such reasons as can be conceived for considering the statute retroactive have been presented and ably urged by petitioner. It is unnecessary to detail them. It is sufficient to say that he recognizes the question as one of statutory construction, which means that the legislative intent is to be ascertained and upheld. It is almost beyond belief that the Legislature could have intended the serious consequences which would follow the adoption of petitioner's view. This consideration is in itself stronger than any or all of those suggested by petitioner. It is therefore a plain case for application of the rule that if there is doubt a statute is to be construed as prospective. See Fulgham v. Madrid, 33 N. M. 159, 265 P. 545, and authorities cited.

The petition is denied. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.