568 P.2d 261

STATE of New Mexico, Plaintiff-Appellee,

v.

Raymond PATTERSON, Defendant-Appellant.

No. 2908.

Court of Appeals of New Mexico.

Aug. 2, 1977.

Jan A. Hartke, Chief Public Defender, Douglas A. Barr, Asst. Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The dispositive issue is whether the aggravated assault offense of which defendant was convicted was a lesser offense included within the offense charged in the indictment.

The indictment charged a violation of § 40A–3–3, N.M.S.A. 1953 (2d Repl. Vol. 6) in that defendant assaulted the victim with intent to kill. Section 40A–3–3, supra, reads:

"*Assault with intent to commit a violent felony.*—Assault with intent to commit a violent felony consists of any person assaulting another with intent to kill or to commit any murder, mayhem, rape, robbery or burglary.

"Whoever commits assault with intent to commit a violent felony is guilty of a third degree felony."

The trial court instructed the jury on aggravated assault with a deadly weapon. The aggravated assault statute, § 40A–3–2, N.M.S.A. 1953 (2d Repl. Vol. 6) reads:

"*Aggravated assault.*—Aggravated assault consists of either:

"A. unlawfully assaulting or striking at another with a deadly weapon;

"B. committing assault by threatening or menacing another while wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner, so as to conceal identity; or

"C. willfully and intentionally assaulting another with intent to commit any felony.

"Whoever commits aggravated assault is guilty of a fourth degree felony."

■ The State asserts that aggravated assault was a lesser offense included within the charge of assault with intent to kill. The State's argument is based on § 40A–3–2(C), supra. We do not consider whether § 40A–3–2(C), supra, is a lesser offense included within § 40A–3–3, supra, because that is not an issue in this case. No issue as to § 40A–3–2(C), supra, was submitted to the jury. The aggravated assault submitted to the jury was § 40A–3–2(A), supra—an assault committed with a deadly weapon.

■ The State's position, both at trial and on appeal, has been that the aggravated assault was a lesser offense included within the assault with intent to kill under the facts of the case. That is not the basis for determining whether an offense is a lesser included offense. In determining whether there is a lesser included offense "we look to the offense charged in the indictment." *State v. Medina,* 87 N.M. 394,

534 P.2d 486 (Ct.App.1975). Thus, Criminal Procedure Rule 44(d) refers to "an offense necessarily included in the offense charged". (Our emphasis.) *State v. Kraul,* 90 N.M. 314, 563 P.2d 108 (Ct.App.1977); see *State v. Sandoval,* 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977).

■ For a lesser offense to be included within the greater, it must be necessarily included. To be necessarily included, the greater offense cannot be committed without also committing the lesser. *State v. Kraul,* supra; *State v. Sandoval,* supra; *State v. Medina,* supra.

■ Assault with intent to kill can be committed without use of a deadly weapon; thus, aggravated assault with a deadly weapon was not a lesser included offense. Compare *State v. Taylor,* 33 N.M. 35, 261 P. 808 (1927). The trial court erred in submitting aggravated assault with a deadly weapon because it was not included within the offense charged. *State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976).

Defendant's conviction is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.