715 P.2d 471

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John ROSS, Defendant-Appellant.**

**No. 8578.**

Court of Appeals of New Mexico.

Feb. 13, 1986.

**24**

Paul Bardacke, Atty. Gen., Carol J. Vigil, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Winston Roberts-Hohl, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his convictions of six counts of fraud in excess of $2,500, contrary to NMSA 1978, Section 30-16-6 (Repl.Pamp.1984), six counts of fraudulent securities practices, contrary to NMSA 1978, Section 58-13-39 and -43 (Repl.Pamp. 1984), and one count of embezzlement in excess of $2,500, contrary to NMSA 1978, Section 30-16-8 (Repl.Pamp.1984). Three issues are presented on appeal: (1) claim of double jeopardy; (2) error in admission of evidence; and (3) claim of insufficiency of evidence. We affirm.

### FACTS

Defendant established two mortgage businesses under the names of Continental Mortgage Exchange (Continental) and Guaranteed Equities (GE). Continental served as a mortgage brokerage agency. GE served as a trustee, on behalf of investors, collecting loan payments from borrowers, paying out funds to investors, and as an escrow agent in the servicing of loans. Through an extensive advertising program, the businesses attracted numerous borrowers and investors. Most of the loans made by Continental were for short terms and were secured by deeds of trust on real estate.

In the latter part of 1982, both Continental and GE experienced serious financial difficulties brought about in part by numerous defaults on mortgage loans.

The grand jury indictment charged defendant with participating in a scheme to fraudulently obtain money and property from investors and fraudulent securities practices. At trial, the state contended *inter alia*, that defendant had failed to disclose to investors the high default rate on Continental's loans, had used monies paid on good loans to pay investors on defaulted loans, and had represented that GE was acting as a trustee on behalf of investors, when in fact, GE acted generally to further the interests of Continental. Following a jury trial, defendant was convicted of each of the thirteen counts charged in the indictment.

## I. CLAIM OF DOUBLE JEOPARDY

Defendant contends that the trial court's imposition of sentence upon six counts of fraud and six counts of fraudulent practices, involving the same victims and arising from the same general factual predicate, placed him in double jeopardy and subjected him to double punishment. In support of this argument, defendant relies upon language in *State v. McCall*, 101 N.M. 616, 686 P.2d 958 (Ct.App.1983) (*McCall I*). In *McCall I*, this court held that "one cannot be guilty of securities fraud if, in connection with purchase, sale or offer of a security, he has not committed a *fraud* of any of the methods listed in § 58-13-39." *Id.* at 630, 686 P.2d 958 (emphasis in original). The opinion in *McCall I* also held that "[t]he offense of securities fraud 'necessarily involves' the offense of fraud."[1] *Id.*

In *State v. McCall*, 101 N.M. 32, 677 P.2d 1068 (1984) (*McCall III*), the supreme court reversed this court's decision in *McCall II*, and reinstated defendant's securities fraud convictions, stating in part: "In light of our reversal of the court of appeals * * *

---

1. The decision of the court of appeals in *McCall I* was withdrawn by this court and a new opinion, not published, *McCall II*, No. 5922 (Filed September 6, 1983), was substituted therefor.

The opinion in *McCall I* was filed June 30, 1983. It was the *McCall II* opinion that was reversed in *McCall III*.

its opinion, which deals with the disparity of sentences imposed, is no longer applicable even if correct." *Id.* at 34, 677 P.2d 1068. Defendant argues on appeal that the decision of this court in *McCall I* and the supreme court in *McCall III,* implicitly supports his contention in the instant case that he cannot be sentenced for both fraud and securities fraud stemming from the same acts.

The holding of this court in *McCall I* that defendant could properly be convicted of both fraud and securities fraud, but could only be punished for one offense because "[t]he offense of securities fraud 'necessarily involves' the offense of fraud", was in error. The supreme court's decision in *McCall III* did not specifically address the question of whether the offense of securities fraud necessarily involves the offense of fraud.

The discussion of necessarily involved offenses, upon which defendant relies, was not in section III(B) of the *McCall II* opinion; instead that section discussed disparity of sentences. The discussion was in section II(B) of the *McCall II* opinion, which dealt with the evidence of securities fraud. Having found that a victim was required for fraud and having found that fraud was necessarily involved in securities fraud, the opinion of this court in *McCall II* reversed defendant's securities fraud convictions. In *McCall III,* the supreme court reversed this court: "Because we find that the proof for the fraud convictions was adequate, we also reverse the court of appeals on this issue and reinstate the securities fraud convictions." *Id.* at 33, 677 P.2d 1068. The records in both this court and the supreme court, of which we take judicial notice, *State v. Vigil,* 85 N.M. 328, 512 P.2d 88 (Ct.App.1973) and *State v. Turner,* 81 N.M. 571, 469 P.2d 720 (Ct.App.1970), reveal that *McCall* moved for rehearing on the ground that, because both the fraud and securities fraud convictions were reinstated, he was entitled to relief under the theory that a specific criminal statute prevails over a general statute dealing with the same general subject matter. Rehearing was denied in the supreme court and

this court was bound to deny the requested relief also. *See Vinton Eppsco Inc. of Albuquerque v. Showe Homes, Inc.,* 97 N.M. 225, 638 P.2d 1070 (1981); *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 582 P.2d 1270 (1978).

Defendant's contention, that an accused cannot be sentenced for both criminal fraud contrary to Section 30–16–6 and fraudulent securities practices contrary to Section 58–13–39, was rejected by the supreme court in *McCall III,* when that court denied a motion for rehearing asserting the same contention. Moreover, notwithstanding the language to the contrary in either of this court's *McCall* opinions, we now determine the correct rule to be that the elements of general fraud, (contrary to Section 30–16–6) are not necessarily involved in a charge involving fraudulent securities practices under Section 58–13–39(A).

 In order for a specific offense to prevail over the more general crime, the two statutes must proscribe the same act. *State v. Gutierrez,* 88 N.M. 448, 541 P.2d 628 (Ct.App.1975). For a merger argument to have merit, one offense must necessarily involve the other. *State v. Jacobs,* 102 N.M. 801, 701 P.2d 400 (Ct.App.1985). *State v. Jacobs* held that under the included offense concept, a greater offense cannot be committed without also committing the lesser offense. *See also State v. De-Mary,* 99 N.M. 177, 655 P.2d 1021 (1982). An included offense is one which has some, but not all, of the elements of the greater offense and the included offense does not have any element not included in the greater offense so that it is impossible to commit the greater crime without necessarily also committing the included offense. *State v. Jacobs.* Because defendant does not argue this issue in terms of the facts of the case, we look only to the elements of fraud and securities fraud. *Compare Jacobs* with *State v. Smith,* 102 N.M. 512, 697 P.2d 512 (Ct.App.1985).

Defendant does argue that the instructions given to the jury defined securities fraud using the word "fraud." Thus, be-

cause the instructions became the law of the case under *State v. Dominguez*, 91 N.M. 296, 573 P.2d 230 (Ct.App.1977), defendant argues that fraud is necessarily involved in securities fraud. We disagree. Criminal liability for fraud under the Securities Act of New Mexico, does not require proof of the same elements of general fraud under Section 30–16–6. Moreover, the jury instructions on securities fraud simply tracked the language of the statute, (Section 58–13–39), which describes securities fraud in the alternative, with some of the alternatives using the word fraud and other alternatives not using the word fraud. For this reason, we proceed to analyze this issue considering the elements of the two crimes.

Section 58–13–39(A), provides:

A. It is a fraudulent practice and unlawful for any person, in connection with an offer, sale or purchase of any security, directly or indirectly, to:

(1) employ any device, scheme or artifice to defraud;

(2) make any false statement of material fact or to omit to state a material fact necessary in order to make the statements made true in the light of circumstances under which they are made; or

(3) engage in any act, practice or course of business which operates, or would operate, as a fraud or deceit upon any person.

The elements of fraud as set forth in Section 30–16–6 of the Criminal Code are: "Fraud consists of the intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices or representations." The degree of fraud, as listed in Section 30–16–6, depends upon proof of the value of the property misappropriated or taken.

An analysis of the offense of fraud (Section 30–16–6) and the crime of fraudulent securities practice (Section 58–13–39(A)), reveals that the two offenses have different elements. In a prosecution for the commission of a violation of the Securities Act, contrary to Section 58–13–39(A), it is not necessary to prove a specific intent to defraud. Section 58–13–39(A) of the New Mexico Securities Act closely follows the language of Rule 10(B)(5) of the federal Securities and Exchange Act of 1934 (current version at 15 U.S.C. § 78j(b) (1982)). In construing Rule 10(B)(5), the federal case law indicates that a specific intent to defraud need not be proven in order to convict a person charged with violation of the federal rule. *Securities & Exchange Commission v. Manor Nursing Centers, Inc.*, 458 F.2d 1082 (2d Cir.1972); *Securities & Exchange Commission v. Texas Gulf Sulphur, Co.*, 401 F.2d 833 (2d Cir. 1968). *See also Annot.*, 3 A.L.R.Fed. 819 (1970).

In *State v. Cox*, 17 Wash.App. 896, 566 P.2d 935 (1977), the Washington Court of Appeals considered a state statute (RCW 21.20.010), pertaining to fraudulent securities practices, which used language similar to Section 58–13–39(A). There, the court held that a violation of the Washington statute did not require proof of a specific intent to defraud and that proof of an intent to defraud or deprive a victim of property is not necessary in order to constitute a violation of the misleading statement section of that state's fraudulent securities act. *See also Securities & Exchange Commission v. Texas Gulf Sulphur Co. Cf. State v. Shafer*, 102 N.M. 629, 698 P.2d 902 (Ct.App.1985) (knowledge or intent is not an element of a charge of soliciting to sell or selling unregistered securities under New Mexico law); *State v. Sheets*, 94 N.M. 356, 610 P.2d 760 (Ct.App.1980) (sale of unregistered securities is not a specific intent crime).

■ It is readily apparent that the two New Mexico statutes, Section 30–16–6 and Section 58–13–39, are entirely different in that each requires proof of facts that the other does not. The offense of fraud requires an actual misappropriation or taking, while securities fraud does not. Likewise, fraud requires proof of value, while securities fraud does not. Conversely, securities fraud requires proof that a security

was involved, while general fraud does not. Because the two statutes have elements that the other does not, there is no basis under *Gutierrez* or *Jacobs* for either application of the rule that a specific statute prevails over the general, or the rules governing the merger of offenses.

Our result is additionally supported by the language of the securities act. Both prongs of defendant's contention involve ascertaining legislative intent. *See State v. Lujan,* 76 N.M. 111, 412 P.2d 405 (1966); *State v. Srader,* 103 N.M. 205, 704 P.2d 459 (Ct.App.1985). Section 58–13–43(D), of the Securities Act of New Mexico, states, "[n]othing in this section shall be construed as limiting the power of the state to punish any person for any conduct which constitutes a crime by statute or at common law." We interpret this as a clear expression of legislative intent that a defendant may also be convicted and sentenced for both general fraud and securities fraud.

Finally, we have recognized, albeit in the civil context, that the securities fraud statute is not identical to common law fraud. *See Treider v. Doherty & Co.,* 86 N.M. 735, 527 P.2d 498 (Ct.App.1974). Similarly, Sections 30–16–6 and 58–13–39(A) are worded differently. It is recognized that statutes such as Section 58–13–39(A) were enacted to protect investors by relaxing the proof requirements necessary to prevail in other common law or statutory actions. 3 L.Loss, *Securities Regulation,* at 1430–1444 (2d.ed.1961). Thus, commission of securities fraud contrary to any of the methods delineated in Section 58–13–39(A), is a different offense to the crime of fraud proscribed under Section 30–16–6.

Accordingly, under the facts herein, defendant could be convicted and sentenced for both fraud and securities fraud.

## II. PRIOR CONVICTIONS OF WITNESSES

Defendant argues that it was error for the trial court to permit the state to elicit testimony that two other persons had been convicted for criminal activity involving the same business wherein defendant was an officer. Two of the state's witnesses pled guilty to an offense arising out of the same mortgage brokering business in which the defendant was involved. Defendant moved to preclude inquiry into these convictions. The court denied defendant's motion, and each witness was asked by the state, upon direct examination, whether he had ever been convicted of a felony. Each witness answered in the affirmative. There was no further evidence introduced which related to these convictions, and there was no connection made between the convictions and the charges against defendant.

"The credibility of a witness may be attacked by any party, including the party calling him." NMSA 1978, Evid.R. 607 (Repl.Pamp.1983). One way of impeaching a witness is by conviction of a crime. NMSA 1978, Evid.R. 609 (Repl.Pamp.1983). In *State v. Lucero,* 98 N.M. 311, 648 P.2d 350 (Ct.App.1982), this court explained the rationale behind allowing impeachment by conviction of any felony, noting that the jury should be informed what sort of person is asking them to accept his word. Defendant does not state any reason why this rationale should not apply in this case, nor do we perceive one. Under both *Lucero* and Evid. Rule 607, the jury is entitled to know that the state's witnesses are convicted felons.

Defendant argues that the impeachment of these particular witnesses was unfair because it introduced the specter of guilt by association. We disagree because there is no factual basis for this contention. The questioning by the state did not reveal that the felony was related to defendant's trial; the prosecutor simply asked whether the witness had ever been convicted of a felony. In the absence of questioning indicating that the witnesses were convicted in connection with a scheme of which defendant was a part, the mere fact that defendant was associated with people who, at one time, were convicted of a felony does not show the requisite prejudice to warrant a reversal of defendant's convictions.

## III. INSUFFICIENCY OF EVIDENCE

Defendant's final point on appeal raises a claim pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), that the evidence was insufficient to support his convictions. Defendant also asserts that although others in his employment may have committed criminal acts, the evidence fails to establish that he personally engaged in any conduct involving fraudulent practices.

■ We have reviewed the evidence and determine that the record supports the verdicts of the jury. Fraud may be established by direct or circumstantial evidence.

*State v. Gardner*, 103 N.M. 320, 706 P.2d 862 (Ct.App.1985).

Defendant's convictions and sentences are affirmed.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.