754 P.2d 857

STATE of New Mexico, Plaintiff–Appellee,

v.

Lynn HAMILTON, Defendant–Appellant.

No. 10070.

Court of Appeals of New Mexico.

March 17, 1988.

Certiorari Denied April 22, 1988.

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

On rehearing, the previous opinion is withdrawn and the following is substituted.

Defendant, convicted after a jury trial of two counts of resisting, evading or obstructing an officer contrary to NMSA 1978, Section 30–22–1 (Repl.Pamp.1984), appeals Count I of his convictions. Defendant contends this conviction is in violation of the double jeopardy clause of the federal and state constitutions. Defendant has not appealed his conviction under Count II of the criminal information. We affirm.

This is the second time defendant's case has come before us. Following defendant's first trial, the jury returned a verdict acquitting him of one count of aggravated assault on a peace officer, and convicting him on one count of battery upon a peace officer. On appeal, this court reversed the battery conviction, determining that defendant was denied his right to counsel at the preliminary hearing. This denial of counsel resulted in this court's determination that the magistrate court lacked jurisdiction to conduct the preliminary hearing; thus, it was as though no preliminary hearing had been held and defendant's conviction under Count II was void. *See State v. Hamilton*, 104 N.M. 614, 725 P.2d 590 (Ct. App.1986) (*Hamilton I*).

On remand, defendant was recharged by a new criminal information with the identical offenses which had been asserted against him at his first trial: Count I, aggravated assault on a peace officer, contrary to NMSA 1978, Section 30–22–22(A)(1), and Count II, battery upon a peace officer, contrary to NMSA 1978, Section 30–22–24. Defendant objected to being retried on the first count, arguing that his reprosecution was subject to dismissal based upon double jeopardy grounds. The trial court denied defendant's motion to dismiss.

At the conclusion of defendant's second trial, defendant requested the trial court instruct the jury that resisting, evading or obstructing an officer was a lesser included offense of aggravated assault upon a peace officer. The trial court granted the request and the jury returned verdicts finding defendant guilty on each of the reduced counts of resisting, evading or obstructing an officer.

## I. ISSUE OF DOUBLE JEOPARDY

Defendant argues that the second indictment and his retrial under Count I, for aggravated assault upon a peace officer, following a prior acquittal for the same offense, placed him in double jeopardy in violation of the federal and state constitutions. Defendant maintains that resisting, evading or obstructing an officer is a lesser included offense of aggravated assault upon a peace officer. Defendant also contends that because he was acquitted of the greater offense at his first jury trial, he may not be reprosecuted for the same or any lesser charge arising out of the same incident. The state, however, asserts that defendant's conviction for resisting, evading or obstructing an officer under Count I does not violate the double jeopardy clause because it is neither the same nor a lesser included offense of aggravated assault on a peace officer. Alternatively, the state argues that because *Hamilton I* held that the district and magistrate courts lacked jurisdiction over the defendant, this ruling had the concomitant effect of also voiding the verdict of acquittal. Thus, the state

contends that defendant was subject to retrial on Count I at a subsequent retrial.

■ The fifth amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. *See* N.M. Const. art. II, § 15. The fifth amendment is applicable to the states through the fourteenth amendment. *State v. Manzanares,* 100 N.M. 621, 674 P.2d 511 (1983), *cert. denied,* 471 U.S. 1057, 105 S.Ct. 2123, 85 L.Ed.2d 487, *reh'g denied,* 472 U.S. 1013, 105 S.Ct. 2715, 86 L.Ed.2d 729 (1985). The double jeopardy clause affords a defendant protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. *See Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, *reh'g denied,* 468 U.S. 1224, 105 S.Ct. 20, 82 L.Ed.2d 915 (1984); *United States v. Nichols,* 741 F.2d 767, *reh'g & reh'g en banc denied,* 746 F.2d 812 (5th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985).

■ Both the history of the double jeopardy clause and its terms demonstrate, however, that it is not applicable until a proceeding begins before a trier "having jurisdiction to try the question of the guilt or innocence of the accused." *Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265 (1975) (quoting *Kepner v. United States,* 195 U.S. 100, 133, 24 S.Ct. 797, 806, 49 L.Ed. 114 (1904)). *See Daniel v. Warden, State Correction Institution,* 794 F.2d 880 (3rd Cir.1986). The United States Supreme Court held in *United States v. Ball,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896), "[a]n acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence." *See United States v. Sabella,* 272 F.2d 206 (2nd Cir.1959); *Application of*

*Alexander,* 80 Nev. 354, 393 P.2d 615 (1964). *See generally* 16 Rutgers L.Rev. 597 (1962); Annotation, *Conviction or Acquittal of One Offense, in Court Having No Jurisdiction to Try Offense Arising Out of Same Set of Facts, Later Charged in Another Court, as Putting Accused in Jeopardy of Latter Offense,* 4 A.L.R.3d 874 (1965).

In sum, jurisdiction is essential before jeopardy attaches. *State v. Mahlandt,* 231 Kan. 665, 647 P.2d 1307 (1982). *See State v. Peavler,* 88 N.M. 125, 537 P.2d 1387 (1975); *State v. Paris,* 76 N.M. 291, 414 P.2d 512 (1966). *Cf. Trujillo v. State,* 79 N.M. 618, 447 P.2d 279 (1968).

Under the facts before us, defendant's acquittal in a court lacking proper jurisdiction did not violate the constitutional prohibitions against double jeopardy and, therefore, did not bar retrial.

## II. PROPRIETY OF DEFENDANT'S CONVICTION

Defendant argues that even if his retrial was not barred by the double jeopardy clause, nevertheless, his conviction for resisting, evading or obstructing an officer was improper because he was not charged in the criminal information with such charge and the charge is not a lesser included offense of aggravated assault on a peace officer. *See* NMSA 1978, § 30–22–22. *Cf.* SCRA 1986, 14–2202 & –2215.

An "included offense" is one which has some, but not all, of the elements of the greater offense and does not have any elements not included in the greater offense, so that it is impossible to commit the greater offense without necessarily also committing the included offense. *State v. Ross,* 104 N.M. 23, 715 P.2d 471 (Ct.App.1986); *State v. Muise,* 103 N.M. 382, 707 P.2d 1192 (Ct.App.1985). *See State v. Simonson,* 100 N.M. 297, 669 P.2d 1092 (1983); *State v. Patterson,* 90 N.M. 735, 568 P.2d 261 (Ct.App.1977). To determine whether an offense is a lesser included offense, it is necessary to look to the nature of the offense charged to the indictment or information. *State v. Alderete,* 91 N.M. 373, 574

P.2d 592 (Ct.App.1977); *State v. Medina,* 87 N.M. 394, 534 P.2d 486 (Ct.App.1975).

The trial court's jury instruction No. 5, on resisting, evading or obstructing an officer, followed UJI 14–2215, stating:

> For you to find the defendant guilty of resisting, evading or obstructing an officer, the [s]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. Gary Graves was a peace officer in the lawful discharge of his duties; and
>
> 2. The defendant, *with the knowledge that Gary Graves was attempting to apprehend or arrest him, fled, attempted to evade, or evaded the officer;*
>
> 3. This happened in New Mexico, on or about the 5th day of October, 1984. [Emphasis supplied.]

■ The crime of resisting, evading or obstructing an officer as set forth in Section 30–22–1, contains several alternative means by which the offense may be committed. A defendant's act of fleeing, attempting to evade or evading an officer constitutes one of the alternative methods of committing the offense proscribed under Section 30–22–1. *See* § 30–22–1(B). When an accused is charged, however, with this method of resisting, evading or obstructing an officer, it is not a lesser included offense of aggravated assault upon a peace officer. Aggravated assault on a peace officer, as charged herein, does not require proof that defendant fled, attempted to evade or evaded the officer, or that defendant had "knowledge" that the officer was attempting to arrest him. *See* § 30–22–22; *see also* SCRA 1986, 14–2202. *Compare Reese v. State,* 106 N.M. 498, 745 P.2d 1146 (1987). It is improper to instruct the jury as to a crime not formally charged if the offense is not a lesser included offense of the crime which is charged. *See State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976); *State v. Patterson. But see State v. Ross,* 100 N.M. 48, 665 P.2d 310 (Ct.App.1983).

■ Defendant, however, overlooks the fact that he requested that the trial court instruct upon the offense of resisting, evading or obstructing an officer. New Mexico courts have repeatedly held that the defendant cannot be heard to complain if the trial court instructed the jury as he desired. *See State v. Boeglin,* 105 N.M. 247, 731 P.2d 943 (1987) (defendant knowingly, intelligently, and voluntarily waived his right to have the jury instructed on a lesser included offense where he requested the court not give the instruction); *State v. Padilla,* 104 N.M. 446, 722 P.2d 697 (Ct. App.1986) (defendant's conviction of voluntary manslaughter, under instruction of voluntary manslaughter as a lesser included offense of murder, which instruction was given at defendant's request, did not amount to fundamental error even though the evidence did not support such an instruction); *State v. Ross* (defendant who urged court to adopt an instruction on the basis that such offense was a lesser included offense on the crime charged may not claim on appeal that his conviction of the lesser offense, based on substantial evidence, was error). An instruction not objected to and which was requested by defendant becomes the law of the case. *State v. Ross.* As observed in *Ross* the defendant having urged the trial court to adopt an instruction which he successfully contended in the court below constituted a lesser included offense, will not be heard on appeal to complain that the trial court erred in granting his request. *Id.*

■ Moreover, defendant has not argued that the giving of the instruction sought by him on resisting, evading or obstructing an officer prejudiced him in the defense of his case, or that he did not have proper notice concerning this charge. A variance between the crime charged and the offense for which defendant was convicted will not be deemed to be fatal unless the defendant could not reasonably have anticipated from the indictment or information, the nature of the charges and proof against him. SCRA 1986, 5–204(C); *State v. Ross.*

Therefore, we determine that the defendant was properly convicted of resisting, evading or obstructing an officer, because the evidence supported the verdict of the

jury to that charge, and his opportunity to prepare and defend against the charge was not impaired by the fact that such offense varied from the crime charged in the criminal information.

Defendant's conviction of resisting, evading or obstructing an officer is affirmed.

IT IS SO ORDERED.

ALARID and FRUMAN, JJ., concur.