790 P.2d 1058
**STATE of New Mexico,**
**Petitioner–Appellee,**

v.

**HENRY DON S., A Child,**
**Respondent–Appellant.**

No. 11340.

Court of Appeals of New Mexico.

March 13, 1990.

Certiorari Denied April 17, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Peter Rames, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

## OPINION

ALARID, Judge.

The child appeals from the order of the children's court committing him to the New Mexico Boys' School after revocation of his probation. Three issues are properly before this court: (1) whether the original sentence placing the child on probation with incarceration was illegal and void, and thus the children's court was without jurisdiction to revoke the child's probation; (2) whether revoking the child's probation for truancy violates the prohibition against double jeopardy; and (3) whether the children's court was without jurisdiction to revoke the child's probation because the time limits had expired for both an adjudicatory hearing and the child's original probationary period. The child also seeks to amend his docketing statement to add two new issues: (4) whether the child's commitment to the Boys' School must be vacated because the child has already served time in custody under the probation order, so that any further prosecution violates the prohibition against double jeopardy; and (5) whether the child was denied effective assistance of counsel. We affirm.

We deny the child's motion to amend to add issues 4 and 5. Both issues rely on facts that were not brought to the attention of the children's court, and therefore are not part of the record on appeal. *See State v. Romero*, 87 N.M. 279, 532 P.2d 208 (Ct.App.1975) (this court cannot review matters not of record); *State v. Paul*, 82 N.M. 619, 485 P.2d 375 (Ct.App.1971) (this court cannot consider facts never brought to the attention of the trial court). Also, issue 5 is so without merit as to not be viable. *See State v. Rael*, 100 N.M. 193, 668 P.2d 309 (Ct.App.1983); *see also State v. Sanchez*, 98 N.M. 781, 652 P.2d 1232 (Ct.App.1982) (failure to file non-meritorious motions not ineffective assistance).

## FACTS

A delinquency petition was filed against the child in March 1986, alleging the child had committed the crime of shoplifting. In October 1986, a disposition order was filed disposing of the March 1986 petition. This order placed the child on probation for a period not to exceed two years. The order also provided:

> THAT said child attend school regularly; for every hour the child is truant from school, he shall spend two hours in the Chaves County Juvenile Detention Center; for every day the child is suspended from school, he shall spend that school day in the Chaves County Juvenile Detention Center.

On May 12, 1988, a petition to revoke the child's probation was filed based on alleged truancy. A dispositional hearing was held on July 18, 1988. Following a commitment of the child to the Youth Diagnostic and Development Center for a diagnostic evaluation, a disposition order was filed in December 1988. The children's court found the child admitted the allegations in the petition to revoke probation, there was a factual basis for the findings, the child was in need of care and rehabilitation, and the child was a delinquent child. The order also committed the child to the New Mexico Boys' School for an indeterminate period not to exceed two years. The child appeals from the December 1988 disposition order.

## VALIDITY OF INITIAL PROBATION ORDER

■ The child challenges the validity of the initial probation order under which his probation was revoked by challenging certain probationary conditions. The children's court may only impose penalties which the legislature has authorized. *State v. Michael V.*, 107 N.M. 305, 756 P.2d 585 (Ct.App.1988). The child contends the probation order was not valid because the children's court was not authorized, under NMSA 1978, Section 32–1–34(E) (Repl. Pamp.1989), to impose incarceration as a condition of probation. He also contends the incarceration provision set out above is invalid because it is self-executing, and thus violates due process. We need not discuss the issue of whether the children's court was authorized to impose such a condition under Section 32–1–34(E) because we find that the provision was self-executing, and therefore invalid for the reasons set out below.

The state concedes that a self-executing probation condition of incarceration for truancy is not permitted by the Children's Code. Under the Children's Code, prior to a child's probation being revoked, a petition containing the same information as a petition alleging delinquency must be filed. NMSA 1978, § 32–1–43 (Repl.Pamp.1989). A probation revocation proceeding must be held before the children's court, at which time the state is required to prove the allegations in the petition beyond a reasonable doubt. *Id.* The self-executing incarceration provision in the probation order would operate to circumvent the statutory procedural requirements by triggering automatic confinement merely upon a reported absence from school. *See In re Gerald B.*, 105 Cal.App.3d 119, 164 Cal.Rptr. 193 (1980). Therefore, we hold that, insofar as the provision of the probation order requires automatic confinement in the juvenile detention center and is self-executing, the provision is invalid.

## SEVERANCE

The state contends that if this court determines the self-executing provision is invalid, that portion should be severed from the probation order. The child relies on *Jordan v. Swope*, 36 N.M. 84, 8 P.2d 788 (1932), in support of his contention that the sentence is not severable. In *Jordan*, the supreme court recognized the majority rule that a sentence exceeding the statutory limit is void only as to the excess, but held that under the facts of that case the judgment was inseverable. The supreme court also addressed the issue of severability of a sentence in *Sneed v. Cox*, 74 N.M. 659, 397 P.2d 308 (1964). The court noted in *Sneed* that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense. When such excess is separable, the sentence is void only as to the excess and may be dealt with without disturbing the valid portion of the sentence.

Sentences are usually held to be severable when the excess in the sentence is one that is easily separated from the remainder of the sentence and the severance does not affect the remainder of the sentence. *See, e.g., Rutherford v. Blankenship*, 468 F.Supp. 1357 (W.D.Va.1979) (banishment provision void but did not affect validity of remaining ten-year prison sentence); *State v. Krivolavy*, 258 N.W.2d 157 (Iowa 1977) (sentence severable where valid part, penitentiary time, is distinct from invalid part, fine); *State v. Kee*, 398 A.2d 384 (Me.1979) (illegality in amount of fine severed from sentence and fine reduced to amount authorized by law): *Cain v. State*, 337 So.2d 935 (Miss.1976) (portion of sentence pertaining to work release and parole, which trial court was unauthorized to impose, severed from remaining valid portion of sentence imposing jail time).

■ The child does not contend that requiring him to attend school regularly is an unreasonable or unauthorized condition of probation, and we see no reason why the court could not validly impose such a condition. *See State v. Henry L.*, 109 N.M. 792, 791 P.2d 67 (Ct.App.1990); *see also State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983) (court may impose conditions of probation reasonably related to probationer's rehabilitation, which are designed to protect public against commission

of other offenses during the term, and which have as their objective deterrence of future misconduct). We agree with the state that the provision relating to automatic incarceration for truancy is separable without disturbing the valid portion of the sentence. *See In re Jonathan M.*, 117 Cal. App.3d 530, 172 Cal.Rptr. 833 (1981) (probation condition stating that for each unexcused absence from school child would spend one day in Juvenile Hall invalid insofar as it appeared to be self-executing, but self-executing language severed from probation order). Accordingly, the underlying probation order, including the condition that the child regularly attend school, was valid; the self-executing portion is separable from the remaing portion of the probation order.

## DOUBLE JEOPARDY

■ The child contends that, even without evidence that he actually served time in the juvenile detention center pursuant to the self-executing provision of the probation order, the prohibition against double jeopardy was violated by the fact that he faced the possibility of being confined pursuant to the self-executing provision and the possibility of also being confined upon revocation of his probation for the same act of truancy. While agreeing that the child could not suffer both local detention and commitment to the Boys' School for the same act of truancy, the state notes, and the child does not dispute, that there is nothing in the record showing the self-executing provision was ever employed. The child's contention that the prohibition against double jeopardy is violated by the mere possibility that he would be punished twice for his act of truancy is without merit.

This court recently set out the protections afforded by the double jeopardy clause. *See State v. Hamilton*, 107 N.M. 186, 754 P.2d 857 (Ct.App.1988). Contrary to the child's contention, it does not provide protection for the mere possibility of double punishment. Rather, it affords a defendant protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for

the same offense after conviction, and protection against multiple punishments for the same offense. *Id.* The child does not allege, nor does the record reveal, that the state has attempted to prosecute the child more than once for the same offense. Also, there was no evidence presented to the children's court establishing that the child was punished more than once for the same offense. Therefore, there is no evidence before this court to support the child's claim that the prohibition against double jeopardy was violated. We express no opinion regarding what the result should be if the child presents evidence in a proper proceeding attacking the legality of his detention on double jeopardy grounds. Based on the foregoing, we find no violation of the prohibition against double jeopardy.

## TIMELINESS OF ADJUDICATION AND COMMITMENT UNDER SCRA 1986, 10–226 and NMSA 1978, SECTION 32–1–38 (Repl.Pamp.1986)

Rule 10–226 provides that the adjudicatory hearing shall be commenced within ninety days from the date the petition is served if the child is not in detention. The child was not in detention and he was served with the petition to revoke on May 17, 1988. The record shows that a hearing was held on June 13, 1988, at which the child admitted to violating conditions of probation. A dispositional hearing was held on July 18, 1988, at which the child was continued under the supervision of the Juvenile Probation Office, and further action was deferred for sixty days. The child concedes that the July 18, 1988, adjudicatory hearing satisfies the requirements of Rule 10–226. Since the adjudicatory hearing was commenced within ninety days from the date the petition was served on the child, we find that the adjudicatory hearing was commenced within the time limit of Rule 10–226(B), and the children's court had jurisdiction to revoke probation.

■ The child maintains that the children's court was without jurisdiction to commit him to the Boys' School in Decem-

ber 1988 because his original probationary term expired in October 1988, since the child was originally placed on probation in October 1986. At a dispositional hearing on September 19, 1988, the children's court deferred disposition and committed the child to the custody of the Corrections Department for diagnostic evaluation. After the diagnostic evaluation was completed, the child was committed to the Boys' School for a period not to exceed two years.

If the child is found to have violated a term of his probation, the children's court may make any disposition that would have been appropriate in the original disposition of the case. § 32–1–43. On June 13, 1988, the child admitted he violated a term of his probation. Since the children's court may commit a child to the Corrections Department for diagnostic evaluation in the original disposition of a delinquent child, *see* § 32–1–34(E)(2), it may do so upon violation of probation. In this case, because the child's admission to the violation of probation and the deferral of disposition and commitment for diagnostic evaluation were done within the two-year period of the original disposition, and the commitment was within ninety days of the diagnostic evaluation, we find that the children's court had jurisdiction to commit the child to the Boys' School. §§ 32–1–43, –34(E)(2).

For the reasons stated above, the order of the children's court committing the child to the Boys' School for an indeterminate period not to exceed two years is affirmed.

IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.