This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                     **NO. A-1-CA-36727**

**STEPHEN GEISIK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**Mary L. Marlowe, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Stephen Geisik appeals from the judgment and sentence convicting him of two counts of criminal sexual contact of a minor and contributing to the

delinquency of a minor. This Court's calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition in which he does not respond to the issue regarding the asserted double jeopardy violation resulting from his conviction for two counts of criminal sexual contact of a minor. We therefore deem Defendant's double jeopardy issue abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (holding where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned). We are not persuaded by Defendant's arguments as to the remaining issues. Accordingly, we affirm the judgment and sentence.

{2}     Defendant continues to argue that he had insufficient notice of the factual basis for the charge of contributing to the delinquency of a minor, and his conviction should therefore be reversed. [MIO 7] The calendar notice proposed to affirm on the basis that the State's amendment to the information was proper under Rule 5-204(C) NMRA, and case law. *See* Rule 5-204(C) (stating that the district court "may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence"); *see also State v. Roman*, 1998-NMCA-132, ¶ 11, 125 N.M. 688, 964 P.2d 852 ("[W]e have held that it is permissible to amend an information to conform to evidence introduced in support of the charge made in the information."); *State v. Marquez*, 1998-NMCA-010, ¶¶ 20-21, 124 N.M. 409, 951 P.2d 1070.

Defendant points to no specific error in the law relied upon in the memorandum in opposition, but construes *Roman* and *Marquez* in a manner that favors his argument. [MIO 9-10]

{3}     Defendant acknowledges that *Roman* is different because in that case the state added an entirely new charge. [MIO 10] *See Roman*, 1998-NMCA-132, ¶ 4. Nevertheless, Defendant contends that the impact of the amendment to the indictment in this case was just as great because it completely changed the underlying act on which the charge was based, given that the date in the information was the only indicator of the nature of the charge; deprived him of the proper notice; and prevented his trial counsel from mounting a defense against the charge sent to the jury. [MIO 10, 11] Defendant distinguishes *Marquez* on the basis that in that case, the year the incidents were alleged to have occurred was changed to reflect the proper dates; but unlike this case, he argues, the factual allegations in *Marquez* remained identical. [MIO 11] *See Marquez*, 1998-NMCA-010, ¶¶ 18, 21. We are not persuaded by Defendant's arguments.

{4}     The distinction drawn in *Roman* between "amendment to an information" and an "amended information" is informative here. *Roman*, 1998-NMCA-132, ¶ 12. *Roman* advises that the former "occurs when an otherwise adequate information is supplemented" and "does not include the addition of a new charge," while the latter

3

"adds a new or different charge" and "acts as the filing of a new instrument that supersedes the original." *Id*. In this case, there was an "amendment to the information" to conform to the evidence presented at trial. The amendment conformed to the testimony that had already been given by the victim, Defendant was not charged with an additional or different offense, and Defendant had notice of the statute under which he was charged. Defendant does not cite to any authority on point to support the contention that Rule 5-204(C) is inapplicable in this context, and we are aware of none. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{5}     Defendant further asserts that trial counsel was prepared for trial based on the understanding that the charge was grounded on the April 16 incident, as alleged in the indictment [RP 1], and the victim's allegation that Defendant let her hide at his house after she ran away. [MIO 7, RP 11] Defendant contends that the other allegations against him, including the allegations that he had sex with the victim and gave her alcohol, all allegedly took place in March. [MIO 7, RP 9] It appears from the affidavit that the victim reported that every time she had intercourse with Defendant, she had been given alcohol. [RP 11] Thus, Defendant was aware both before, and during trial

4

when the prosecutor solicited testimony from the victim on direct examination, of the victim's allegations that Defendant provided her alcohol. [MIO 4]

{6} Defendant also acknowledges that despite the victim's testimony that he had given her alcohol, trial counsel did not cross-examine the victim on the issue because the allegations did not concern the charges against Defendant and counsel did not want to draw the jury's attention to them unnecessarily. [MIO 7] Trial counsel was afforded the opportunity to cross-examine the victim after she testified, but chose not to take advantage of that opportunity. Consequently, Defendant cannot complain on appeal that he did not have the opportunity to cross-examine the victim in this regard.

{7} Thus, insofar as Defendant continues to argue that the late amendment violated his constitutional right to notice of the charges against him [DS 7], we cannot say that Defendant could not reasonably anticipate the nature of proof against him. *See Marquez*, 1998-NMCA-010, ¶ 20. ("A variance is not fatal unless the accused cannot reasonably anticipate from the indictment what the nature of the proof against him will be."). "[A]n indictment may be amended to conform to the evidence, so long as a variance between the indictment and the evidence offered in support of it does not prejudice substantial rights of the defendant." *State v. Gallegos*, 1989-NMCA-066, ¶ 49, 109 N.M. 55, 781 P.2d 783. While it can be said that the factual nature of the incident relating to the amended charges was different, Defendant was aware of both

incidents prior to trial, either of which could form the basis for the contributing to the delinquency of a minor charge. Moreover, Defendant makes no assertion that he moved for a continuance or postponement, or that he made a proffer of additional evidence he sought to present that was denied by the district court. Defendant has not affirmatively shown actual prejudice, and absent such a showing we conclude that there was no reversible error. *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**{8}** Defendant continues to argue that preventing him from cross-examining the State's sexual assault nurse examination (SANE) nurse about the cause of the victim's injuries denied him his right to confront and cross-examine the witnesses against him. [MIO 14, 17] Defendant disagrees with the reference in the calendar notice to the application of Rule 11-413 NMRA as a potential basis for exclusion of the evidence. [MIO 19-22, CN 7] The calendar notice also proposed to conclude that even assuming without deciding it was error to exclude the testimony, Defendant did not establish prejudice. [CN 7] In this regard, the calendar notice noted that the docketing statement did not indicate whether the SANE nurse actually testified to this at trial

[CN 6], as this would determine whether the right to cross-examine the witness was even at issue.

{9}     The memorandum in opposition does not respond by indicating whether the SANE nurse testified to the alleged statement by the victim. [MIO 14] *See Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superceded by statute as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore conclude that the question Defendant sought to pose exceeded the scope of cross-examination. *See State v. Bent*, 2013-NMCA-108, ¶ 10, 328 P.3d 677 ("The general rule upon the scope of cross-examination . . . is that the examination can only relate to the facts and circumstances connected with the matters stated in the direct examination of the witness." (internal quotation marks and citation omitted)).

{10}     For all of these reasons, and those stated in the calendar notice, we affirm.

{11}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**HENRY M. BOHNHOFF, Judge**