1998-NMCA-132

964 P.2d 852

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Victor ROMAN, Defendant–Appellant.**

**No. 18312.**

Court of Appeals of New Mexico.

July 27, 1998.

Certiorari Denied Sept. 14, 1998.

Tom Udall, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Plaintiff-Appellee.

Phyllis H. Subin, Chief Public Defender, Will O'Connell, Assistant Appellate Defender, Santa Fe, for Defendant-Appellant.

### OPINION

ALARID, Judge.

{1}  At the conclusion of Defendant Victor Roman's testimony in defense of the charges in an eight-count criminal information, the State moved to amend the criminal information to add a new charge of shooting

at a dwelling or occupied building, contrary to NMSA 1978, § 30–3–8(A) (1993). Defendant asserts that this addition of a new charge at the close of Defendant's case was prejudicial and violated his right to be informed of the charge against him. We agree.

## FACTS AND PROCEDURAL HISTORY

{2} On December 12, 1995, Defendant drove to the Shady Grove Trailer Park in Silver City, New Mexico, and began shooting at a mobile home. Defendant killed a dog owned by the occupants. Defendant testified that he did this in reaction to harassment by a gang known as the "China Town Locos." Defendant was charged by criminal information with attempted first degree murder, two counts of assault with intent to kill, aggravated burglary, tampering with evidence, injury to animals and escape from a police officer. Defendant was also charged in a separate cause, CR–96–04, with aggravated assault and negligent use of a deadly weapon.

{3} At trial, in Cause No. CR–95–65, Defendant testified that he had had several encounters with the gang. He described how the gang members shot at him, threatened his girlfriend, and physically attacked him. After the gang threatened the lives of Defendant and his girlfriend, Defendant went to the mobile home of one of the gang members. The State presented witnesses who testified that Defendant approached the mobile home, shot the dog, and then entered the house while shooting. Defendant stated that when he arrived at the home he encountered and shot the gang member's dog four or five times and then began shooting at the home. Defendant shot at the home two or three times. He testified that he never entered the house and did not know anyone was inside the mobile home at the time of the shooting. After he began shooting, he heard someone call out "they're not here." Upon hearing this voice, Defendant stopped shooting and left the mobile home park.

{4} After Defendant's testimony, the defense rested. Subsequently, the State moved to amend the charges against Defendant to include shooting at an occupied dwelling, based on Defendant's testimony that he shot at the mobile home from the outside. Defendant objected to this amendment of the criminal information as improper and impermissible. Defendant argued that to amend the information in such a manner would create substantial prejudice and violate due process. Defendant asserted that there was insufficient notice of the crime the State charged him with and that Defendant has a substantial right to be notified of the charges.

{5} The State argued that under Rule 5–204 NMRA 1998 the trial judge could amend to conform the information to the evidence prior to submission of the case to the jury. Further, the State argued that the original charges gave Defendant sufficient notice and therefore the additional charge being added at that time was of no surprise to Defendant.

{6} After listening to the arguments, the trial court granted the motion to amend the criminal information to include the charge of shooting at an occupied dwelling. Defendant then took exception to the amendment of the information. The jury convicted Defendant of injury to animals, escape from a police officer, and shooting at an occupied dwelling. On January 16, 1997, Defendant plead guilty in Cause No. CR–96–04 to the charges of aggravated assault and negligent use of a deadly weapon. The trial court consolidated both causes for sentencing.

## DISCUSSION

{7} Defendant raises five points on appeal. He asserts that the addition of the new charge: (1) was prejudicial and reversible error; (2) violated his right to be informed of the charge against him; (3) violated his right to a preliminary hearing; (4) violated his right to a grand jury; and (5) violated his right to a proper indictment.

### 1. Standard of Review

{8} We are reviewing the trial court's interpretation and application of Rule 5–204. Interpretation and application of the law are subject to a de novo review. *See State v. Lopez*, 1996–NMCA–101, ¶ 13, 122 N.M. 459, 926 P.2d 784 ("Review of questions of law is de novo."); *State v. Rowell*, 1995–NMSC–086, ¶ 8, 121 N.M. 111, 908 P.2d 1379 (questions of law reviewed de novo).

#### 2. Rule 5-204

{9} The State argues that under Rule 5-204 the trial court can amend the criminal information at any time prior to sentencing. Rule 5-204(A) allows a court to amend an information prior to sentencing but does not allow the court to amend if there is an additional or different offense charged. Thus, the trial court did not have the authority to amend the criminal information under Rule 5-204(A). Under Rule 5-204(C) the court "may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence." The State argues that this provision is broad enough to allow the amendment which occurred here. We do not agree that Rule 5-204(C) can be used to impose an entirely new charge against a defendant after the close of testimony.

#### 3. Amendment to an Information vs. Amended Information

{10} Several cases discuss various results when a conviction does not match the criminal information. For example, in *State v. Villa*, 85 N.M. 537, 539, 514 P.2d 56, 58 (Ct.App.1973) we held that it was improper for the trial court to convict defendant of an offense "without charging him with that offense." We made clear the trial court cannot amend subsequent to a jury verdict in order to make the information match or validate the defendant's convictions. Reversible error was also found when the trial court instructed the jury with a crime different from that in the indictment. *State v. Trivitt*, 89 N.M. 162, 168–69, 548 P.2d 442, 448–49 (1976).

{11} On the other hand, we have held that it is permissible to amend an information to conform to evidence introduced in support of the charge made in the information. *State v. Marquez*, 1998–NMCA–010, ¶ 20–21, 124 N.M. 409, 951 P.2d 1070. We have also affirmed the amendment of an information to include lesser included offenses. *State v. Gallegos*, 109 N.M. 55, 66, 781 P.2d 783, 794 (Ct.App.1989) (defendant has notice of lesser included offenses if greater offense is charged in the indictment). The issue before this Court is what happens when

the information is amended to add a different or new charge just before the case is given to the jury.

{12} One means to analyze the above cases and the one before us is through the distinction between an "amendment to an information" and an "amended information." An "amendment to an information" occurs when an otherwise adequate information is supplemented. *State v. Benally*, 99 N.M. 415, 417, 658 P.2d 1142, 1144 (Ct.App.1983). An "amendment to an information" does not include the addition of a new charge. An "amended information" adds a new or different charge. *Id.* (discussing *Wilcox v. State*, 248 So.2d 692 (Fla.Dist.Ct.App.1971) and *State v. Kinard*, 21 Wash.App. 587, 585 P.2d 836 (1978) (where amended information charged new crimes)). It acts as the filing of a new instrument that supersedes the original. *Id.*

#### 4. Notice

{13} The trial court also erred in amending the criminal information because Defendant did not receive notice of the charge of shooting at an occupied dwelling in time to defend against the charge. In *State v. Armijo*, 90 N.M. 614, 617, 566 P.2d 1152, 1155 (Ct.App.1977), the defendant appealed an amendment to his criminal sexual penetration (CSP) charge after the evidence was closed. The original indictment against the defendant charged him with CSP II by engaging in anal intercourse while armed with a deadly weapon. *Id.* After the evidence was concluded, the trial court allowed the indictment to be amended to add two other methods of committing CSP II. *Id.* at 618, 566 P.2d at 1156. On appeal, the defendant argued in part that the addition of the two charges was prejudicial and did not give him the opportunity to defend the charge. *Id.* This Court found that additional charges prejudiced the defendant. We determined that the amendment added a charge that included an element of personal injury that "was not a matter directly in issue on any of the charges on which defendant was tried[.]" *Id.* We held that:

[a]t trial, defendant had no reason to defend against "personal injury" as defined

in § 40A–9–20(C). To permit the jury to convict on the basis of action resulting in personal injury, by adding this charge after the evidence was concluded in a trial where personal injury was not in issue, is prejudice.

*Id.*

{14} Likewise, in the present case, Defendant had no reason to defend against shooting at an occupied dwelling. The amended information did not involve a lesser included offense. It raised an entirely new offense with elements separate and apart from those in the original criminal information. Because Defendant had no notice of this charge and no reason to defend against this charge, the trial court erred in amending the information.

{15} The State relies on *State v. Ross,* 100 N.M. 48, 665 P.2d 310 (Ct.App.1983) and *State v. Hamilton,* 107 N.M. 186, 754 P.2d 857 (Ct.App.1988), as examples of cases in which convictions for offenses not included in the indictment and information have been upheld. These cases are readily distinguishable. First of all in each case, the jury instruction for the new offense was actually requested by the defendant. *Ross,* 100 N.M. at 50–51, 665 P.2d at 312–13; *Hamilton,* 107 N.M. at 189, 754 P.2d at 860. In each case, we noted that, the defendant having urged the court to adopt the instruction, he could not be heard on appeal to complain. In addition, in *Hamilton,* we reiterated with approval the rule that "it is improper to instruct the jury as to a crime not formally charged if the offense is not a lesser included offense of the crime which is charged." 107 N.M. at 189, 754 P.2d at 860. Further in *Hamilton,* the defendant failed to argue that he did not have proper notice of the charge on which he was convicted. Here, Defendant has made lack of notice one of his primary complaints.

**CONCLUSION**

{16} Defendant's convictions are affirmed, except for that portion of the judgment and sentence convicting him of shooting at an occupied dwelling. Having determined that Defendant was prejudiced by the lack of adequate notice of the additional charge against him, we do not need to reach the remainder of his contentions. *See Does v. Roman Catholic Church of Archdiocese of Santa Fe, Inc.,* 1996–NMCA–094, ¶ 12, 122 N.M. 307, 924 P.2d 273 ("[C]ourts traditionally do not reach out to decide issues unnecessarily."). Therefore, Defendant's conviction for shooting at a dwelling or occupied building is reversed, and the cause is remanded to the trial court for resentencing and entry of an amended judgment consistent with this opinion.

{17} **IT IS SO ORDERED.**

DONNELLY, and BUSTAMANTE, JJ., concur.