# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,144**

**ANTHONY L. JIMENEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals the revocation of his probation and imposition of judgment and sentence for two counts of residential burglary and one count of conspiracy to commit residential burglary. He raises four issues, all related to the timing of the hearing to revoke probation. [DS 4] Defendant filed memoranda in opposition to this

Court's two calendar notices, which we have duly considered.  We reverse.

**Issues 1 - 4:**  Defendant argues that the district court erred in:  (1) granting the State's first petition for extension of time without a specific finding of good cause; (2) granting the State's second (oral) petition for extension of time without a specific finding of good cause; (3) granting the State's oral petition for extension of time because it was not in writing; and (4) counting the time from July 11, 2008 through November 7, 2008, when the hearing was finally held, against Defendant. [Id.]  We address these issues together.

Defendant's issues require application of Rule 5-805 NMRA.  "Interpretation and application of the law are subject to a de novo review."  *State v. Roman*, 1998-NMCA-132, ¶ 8, 125 N.M. 688, 964 P.2d 852 (citations omitted).

In relevant part, Rule 5-805 provides as follows, with respect to proceedings to revoke probation:

> H.    Adjudicatory Hearing.  The adjudicatory hearing shall commence no later than sixty (60) days after the initial hearing is conducted.
> . . .
> J.    Waiver of Time Limits.  The probationer may waive the time limits for commencement of the adjudicatory hearing.
> K.    Extensions of Time.  Extensions of time for commencement of a hearing on a motion to revoke probation may be granted in the manner provided by Rule 5-604 NMRA for extension of time for commencement of trial.

Rule 5-604(E) specifies the following procedure for obtaining extensions of time:

2

The party seeking an extension of time shall file with the clerk of the court a verified petition for extension concisely stating the facts petitioner deems to constitute good cause for an extension of time to commence the trial. If the petition is filed in the Supreme Court, the statement of good cause shall include a statement of a definite trial date that the petitioner has already obtained from the district court within the time period of the extension request. Upon request, the district court shall provide the parties with such a trial date. The petition shall be filed within the applicable time limit prescribed by this rule, except that it may be filed within ten (10) days after the expiration of the applicable time limit if it is based on exceptional circumstances beyond the control of the parties or trial court which justify the failure to file the petition within the applicable time limit. A party seeking an extension of time shall forthwith serve a copy thereof on opposing counsel. Within five (5) days after service of the petition, opposing counsel may file an objection to the extension setting forth the reasons for such objection. No hearing shall be held except upon order of the court. If the court finds that there is good cause for the granting of an extension beyond the applicable time limit, it shall fix the time limit within which the trial must commence.

"'Shall' in the Rules of Criminal Procedure . . . is . . . mandatory." *State v. Davis*, 97 N.M. 745, 748, 643 P.2d 614, 617 (Ct. App. 1982) (citation omitted). *See also* NMSA 1978, § 12-2A-4(A) (1997) (stating, "'Shall' and 'must' express a duty, obligation, requirement or condition precedent.").

The circumstances of the State's first petition for an extension of time were as follows. Defendant's initial hearing after his arrest for an alleged probation violation timely took place on March 27, 2008. [RP 258; 264, ¶ 1] Pursuant to the sixty-day limit of Rule 5-805(H), the adjudicatory hearing was thus required to take place no later than May 26, 2008. The hearing was scheduled for April 24, well within the

3

sixty-day limit, but the State, assertedly unaware that Defendant was at the Southern New Mexico Correctional Facility, failed to file a motion to transport him to court on that date. [RP 313, ¶ 3] As of April 24, there remained thirty-two days in which to reschedule the hearing without exceeding the sixty-day limit. For reasons not revealed by the record proper, the adjudicatory hearing was reset for May 29, three days after the sixty-day limit would expire. [Id.] In its memorandum in opposition, the State asserts that it was the usual practice in the Third Judicial District to hear probation revocation proceedings on only one day per month, and May 29 was the earliest date available under this policy. We have previously commented on when "court policy" can operate to produce untoward results requiring reversal. *State v. Stefani*, 2006-NMCA-073, ¶¶ 16-18, 139 N.M. 719, 137 P.3d 659. We conclude that the district court's policy does not override the mandate of Rule 5-805, and must be set aside when contrary to mandatory time limits adopted by the Supreme Court. This is particularly true in the present circumstances, where thirty-two days remained in which to timely schedule the hearing, had the district court or the State given due attention to the rule.

On May 9, 2008, still within the sixty days, the State petitioned for an extension of time until July 27. [RP 264-65] The petition does not identify any reason an extension was needed beyond May 26, although it mentions that the hearing was

scheduled on the trailing docket for May 29 at the time the motion was filed. [Id.] The petition also states that Defendant was in custody, and that Defendant opposed the extension. [Id. ¶ 9]

The body of the district court's order granting the extension states in full:

> THIS MATTER came before the Court on the State's Petition for Extension of Time Within Which to Commence Probation Hearing, and the Court being fully advised in the matter;
> IT IS HEREBY ORDERED that the time limits be extended by sixty (60) days, up to and including July 27, 2008.

[RP 267] Defendant now asserts that good cause for an extension was not specified in the court's order, and we agree. Defendant did not cause this delay. The State had thirty-two days from the missed hearing to obtain a transport order and schedule a hearing within the rule. Defendant was in custody, and it is the responsibility of the State to commence the hearing. *See, e.g., State v. Stock*, 2006-NMCA-140, ¶ 17, 140 N.M. 676, 147 P.3d 885 (stating, in speedy trial context, "[I]t is ultimately the [s]tate's responsibility to bring a defendant to trial in a timely manner.") We hold that under these facts it is the State's obligation to assert some reason for an extension. In the absence of such justification, and in the face of Defendant's opposition, which was noted in the motion, the extension is not supported by good cause, and we hold that granting it was an abuse of discretion.

Our first calendar notice, which based its description of the factual setting on

5

Defendant's docketing statement, asserted that the State again failed to transport Defendant to court on May 29, and orally moved for an extension until July 30. [DS 3] The State's memorandum in opposition asserts that this is incorrect and that Defendant was present in court on May 29, but "there was confusion between what the Defendant believed the status of his case was and what his Public Defender believed the record to be. Consequently, the court suggested that the Defendant and his Public Defender get together to coordinate the defense, and the Court reset the hearing for June 26, 2008." [MIO 4]

We conclude that Defendant's asserted presence in court on May 29 does not change the result. As discussed above, the violation of the sixty-day timeframe allowed by Rule 5-805 had already occurred, and an extension, which Defendant opposed, had been granted until July 27 without any reason specified by the State or finding of good cause by the district court.

In the context of the Rule 5-604's six-month rule as applied to a criminal trial, we have stated:

> It is to be applied with common sense and not used to effect technical dismissals. The operation of the rule is not jurisdictional. By analogy to civil cases, it is not designed to allow a defendant to sleep upon rights under the rule while the state continues prosecution of a case which is subject to being dismissed upon motion. A defendant must file a motion to dismiss to trigger a dismissal.

*State v. Guzman*, 2004-NMCA-097, ¶ 9, 136 N.M. 253, 96 P.3d 1173 (internal

6

quotation marks and citations omitted).

In the context of the six-month rule for commencing criminal trials, our cases upholding convictions despite an apparent violation of Rule 5-604 have found that the defendant slept upon his or her rights in some way. In *Guzman*, for example, the defendant stipulated to a continuance that would have put the trial outside the six-month rule. The district court then failed to enter an order granting an extension until eighteen days after the Rule 5-604 time expired. Thereafter, the defendant waited another thirty-one days before moving to dismiss. We concluded that in these circumstances the defendant had not considered her rights under Rule 5-604 significant enough to promptly protect them, and thus had waived the rule. In the present case, we conclude that Defendant's opposition to the State's May 9 petition for extension was sufficient to alert the court that there was a problem with the State's position. Defendant thus did not sleep on his rights.

Defendant also argues that the district court erred in counting the time from July 11, 2008, through November 6, 2008, when the hearing was finally held, against him. His argument is essentially that if the hearing had been held as scheduled on one of the earlier dates at which the State asked for and received extensions, it would not have been necessary for him to ask for extensions later, and thus his requests for extension should not be counted against him. As discussed above, it appears that

7

Defendant may have acquiesced in a continuance on April 24, 2008, but he objected to the State's request for extensions well before the sixty-day Rule 5-805 period expired. As of May 29, the court had already ordered an extension until July 27. Since we hold that the sixty-day period within which Defendant's hearing could take place was not validly extended, we also conclude that the continuances that Defendant requested later do not affect the result in this case.

For the reasons set forth above, we reverse the district court's revocation of Defendant's probation and imposition of sentence, and remand to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**