This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37463**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.

**YVONNE AMADO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
John Bennett, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from her convictions for identity theft and conspiracy to commit fraud. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to our calendar notice and a motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend the docketing statement and affirm Defendant's convictions.

**{2}** Defendant opposes our proposed affirmance by continuing to argue that insufficient evidence supported two elements of the jury instruction for her conviction for identity theft. [MIO 17] The first element of the instruction required the jury to find that the State proved "Defendant willfully obtained, recorded or transferred personal identifying information of Jerald Dewbre[.]" [MIO 17, RP 211] The third element required the jury to find that the State proved Defendant had acted "with intent to defraud Jerald Dewbre." [MIO 17, RP 211] Defendant argues that while someone had clearly stolen Mr. Dewbre's identity, the State had not proven that she was the person who had done so. [MIO 17]

**{3}** The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[.]" *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). Mr. Dewbre received a bill for three computers that he did not purchase. [MIO 6] The bill contained his name, business information, address, social security number, and Defendant's name. [MIO 6-7] Defendant lived at the address to which the laptops ordered in Mr. Dewbre's name were sent. [MIO 8; CN 4]

**{4}** The question for us on appeal is whether the fact-finder's "decision is supported by substantial evidence, not whether the [fact-finder] could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393. As information identifying Defendant was contained in and associated with the fraudulent computer order, we conclude that despite Defendant's assertion that someone else *could* have submitted her information, the jury's conclusion that Defendant was guilty was supported by substantial evidence.

**{5}** We turn next to Defendant's issues in her motion to amend her docketing statement. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-

NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{6}**     Defendant contends in her first new issue that "[w]here counts initially brought at trial have been since dismissed by the State or disposed of by directed verdict, the defense should be allowed to argue at closing argument the effect of the dismissals and directed verdicts." [MIO 19] In essence, Defendant contends that she should have been permitted to suggest in her closing that because the State initially pursued additional charges against her, which it dropped over the course of the trial, that the remaining charges are suspect as well. [MIO 20]

**{7}**     We note that

> while final summation is basic to the right of a defendant in a criminal trial to make his defense, this right is not without limitation. Rather, a trial court has wide discretion in dealing with and controlling counsel's argument to the jury and, if no abuse of this discretion or prejudice to the defendant is evident, error does not result.

*State v. Montoya*, 2016-NMCA-098, ¶ 14, 384 P.3d 1114 (alterations, internal quotation marks, and citations omitted). "Because the trial judge's observations of the proceedings are such a critical factor in determining whether the fairness of the trial will be affected, appellate courts review such rulings only for abuse of discretion." *State v. Reynolds*, 1990-NMCA-122, ¶ 12, 111 N.M. 263, 804 P.2d 1082 (citin*g State v. Simonson*, 1983-NMSC-075, ¶ 22, 100 N.M. 297, 669 P.2d 1092).

**{8}**     According to the MIO, the district court ruled that Defendant was permitted to include in closing argument that the case had started with eleven charges against Defendant, but only two were being submitted to the jury. [MIO 15] The district court determined, however, that defense counsel could not go into the basis for the court's dismissal or, in other words, that there was insufficient evidence to support the dismissed charges. [MIO 15]

**{9}**     Given the wide latitude that district courts are provided over closing arguments, we cannot say that the district court's decision to limit closing arguments from delving into the sufficiency of the evidence on a multitude of other charges that were not being submitted to the jury was contrary to logic and reason. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *Rojo*, 1999-NMSC-001, ¶ 41 (internal quotation marks and citation omitted). Furthermore, Defendant's reliance on out of jurisdiction authority and *Reynolds* does not persuade us otherwise. We deny the motion to amend as to this issue.

**{10}**     Defendant next contends that the district court erred in allowing the State to utilize evidence of dismissed charges in its closing argument. [MIO 3] According to the

memorandum in opposition, the district court stated that the State "could not argue that crimes were committed on the counts that were not submitted to the jury, but could nevertheless use at closing argument the testimony and evidence from those witnesses 'as it sees fit.' " [MIO 14] Defendant contends that during closing argument the State stated the following:

> What do we find out? We find out from Jack Osborn that in February 2016, he found out that there was an open account in Verizon. He didn't agree to open this account[.] [MIO 15]

While this Court acknowledges that this testimony did not pertain to the two counts submitted to the jury, but in fact pertained to a count that had been dismissed, we cannot say that the State's reference to this testimony, of which the jury was already aware, amounts to fundamental error. We employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice[.]" *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted); *see State v. Sosa*, 2009-NMSC-056, ¶ 37, 147 N.M. 351, 223 P.3d 348 (addressing fundamental error in the context of an improper prosecutorial comment, and emphasizing the presumption that the verdict was justified); *State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused"). Defendant does not assert that any objection was made during closing, nor does Defendant assert that she made any request for a curative instruction or mistrial, as she raises this issue solely pursuant to fundamental error. [MIO 22] As such, we conclude that Defendant has not demonstrated that fundamental error occurred.

**{11}** Defendant's final issue in her motion to amend is that "an amendment to the information should also have to be written in order to be effective, as some other jurisdictions require." [MIO 23] Defendant relies on out-of-jurisdiction case law to support her argument that the information should not have been amended orally to combine and reduce the counts charged against her. [MIO 23-24]. Defendant does not claim and it does not appear that any new counts were added by oral amendment. An "amendment to an information" does not include the addition of a new charge. *State v. Roman*, 1998-NMCA-132, ¶ 12, 125 N.M. 688, 964 P.2d 852. We have held that while it may be error for a trial court to instruct the jury with a crime different from that in the indictment, "it is permissible to amend an information to conform to evidence introduced in support of the charge made in the information." *Id.* ¶¶ 10-11. Moreover, Defendant does not otherwise support her contention that the jury instructions would have fundamentally misdirected a reasonable juror, as her attempt to distinguish "identity theft" and "obtaining identity by electronic fraud" as different charges appear to in fact refer to the same initial charge. [RP 1]

**{12}** Accordingly, and for the reasons stated in our notice of proposed disposition, we deny the motion to amend and affirm.

**{13}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**