This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38851**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MARK CAMDEN,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Sandra Watkins Engel, Metropolitan Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Mark Camden appeals his convictions in the metropolitan (metro) court for driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102 (2016), and following too closely, contrary to NMSA 1978, Section 66-7-318 (1978, amended 2021). Defendant argues the metro court erred by (1) denying his motion to suppress evidence or otherwise sanction the State based on the State's failure to collect material evidence; (2) permitting the State to amend the complaint after the close of evidence to add a different theory of DWI; (3) determining that probable cause

supported Defendant's arrest; and (4) convicting Defendant on all charges despite insufficient evidence. We affirm.

## BACKGROUND

**{2}** This case arises from a late-night car accident. The investigating officer (the Officer) approached Defendant, who was seated in the driver's seat of one of the cars involved, observed signs that Defendant had been drinking alcohol, and decided a DWI investigation was appropriate. The Officer administered a series of standardized field sobriety test (SFSTs), then arrested Defendant on suspicion of DWI. Defendant later took a breath test, which showed that his blood alcohol concentration (BAC) was 0.11 and 0.10. The State charged Defendant with DWI pursuant to Section 66-08-102(A) and following too closely pursuant to Section 66-7-318.

**{3}** Defendant filed two motions to suppress evidence related to the DWI investigation based on (1) the State's failure to collect material evidence in the form of missing lapel footage of portions of the DWI investigation, and (2) lack of probable cause for Defendant's arrest. The Officer testified in separate hearings on each motion, both of which the metro court ultimately denied.

**{4}** At the bench trial, the parties agreed to incorporate the two pretrial motion hearings. After the close of evidence, the State moved to amend the complaint to add a per se theory of DWI, pursuant to Section 66-8-102(C)(1). The court granted the State's motion and ultimately found Defendant guilty of DWI, pursuant to Section 66-8-102(A) and (C)(1), and following too closely. Defendant appeals.

**{5}** We reserve discussion of additional facts relevant to Defendant's appeal where appropriate in our analysis.

## DISCUSSION

### I. The Metro Court Did Not Err by Denying Defendant's Motion to Suppress or for Sanctions Due to the State's Failure to Collect Evidence

**{6}** The Officer did not record portions of the DWI investigation, including the administration of Defendant's breath test on her lapel camera. Defendant argues the failure to record portions of the DWI investigation resulted in the failure to collect material evidence, and therefore the metro court erred by denying his motion to suppress the results of his breath test and related testimony or otherwise sanction the State.

**{7}** We review the denial of a motion to sanction by suppression of evidence for abuse of discretion. *State v. Duarte*, 2007-NMCA-012, ¶ 3, 140 N.M. 930, 149 P.3d 1027. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused

its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{8}** We follow our Supreme Court's two-part test for deciding whether sanctions against the State are appropriate when police fail to gather evidence from a crime scene. *See State v. Ware*, 1994-NMSC-091, ¶ 25, 118 N.M. 319, 881 P.2d 679. First, "the evidence that the [s]tate failed to gather from the crime scene must be material to the defendant's defense." *Id.* Second, where the trial court decides the missing evidence is material, it then considers the conduct of the investigating officer. *See id.* ¶ 26. An act done with bad faith is that which is done in an attempt to prejudice the defendant's case and may result in the evidence being suppressed. *See id.* Gross negligence occurs where, for instance, an officer acts in a manner that is "directly contrary to standard police investigatory procedure." *Id.* Where an officer's actions were grossly negligent, "the trial court may instruct the jury that it can infer that the material evidence not gathered from the crime scene would be unfavorable to the [s]tate." *Id.* However, if the investigating officer's failure to gather evidence appears to be the result of negligence, an oversight, or done in good faith, sanctions such as suppression or a negative inference jury instruction are inappropriate. *See id.* In that situation, the defendant may simply "examine the prosecution's witnesses about the deficiencies of the investigation and argue the investigation's shortcomings against the standard of reasonable doubt." *Id.*

**{9}** Defendant argues that the missing video footage was material and that the metro court erred in finding the Officer's behavior merely negligent. Defendant contends the Officer's failure to record portions of the DWI investigation was at the very least grossly negligent, pointing to the Officer's testimony acknowledging that Albuquerque Police Department (APD) policy calls for recording the administration of breath tests.

**{10}** Even if we assume that the missing video footage was material, we cannot say the metro court abused its discretion in denying Defendant's motion to suppress or request to draw an adverse inference.[1] As an initial matter, Defendant does not argue the Officer acted in bad faith; suppression is therefore inappropriate. *See id.* ("If the trial court determines that the failure to collect the evidence was done in bad faith, in an attempt to prejudice the defendant's case, then the trial court may order the evidence suppressed.").

**{11}** As to whether the Officer's conduct rose to the level of gross negligence, viewing the facts in the manner most favorable to the prevailing party, we cannot say the metro court's finding that the Officer's conduct was merely negligent was clearly untenable or not justified by reason. *See State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 ("view[ing] the facts in the manner most favorable to the prevailing party and defer[ring] to the [trial] court's findings of fact if substantial evidence exists to support those findings" in review of suppression ruling (internal quotation marks and citation omitted)). The Officer testified that she turned off her lapel camera while waiting to

---

1Because this was a bench trial, we assume Defendant's request for an "adverse inference" is equivalent to the jury instruction permissible under *Ware. See* 1994-NMSC-091, ¶ 26.

confer with another officer about setting up the breathalyzer. She further testified that she had intended to turn the camera back on when the assisting officer arrived, and believed that she did press the button to record once he arrived, but either the camera failed to turn on or she simply forgot to hit the button. Accordingly, we conclude that the metro court did not abuse its discretion by denying Defendant's motion to suppress or by failing to impose sanctions due to the State's failure to collect evidence.

## II. The Metro Court Did Not Commit Reversible Error by Permitting the State to Amend the Complaint

**{12}** Defendant next argues the metro court erred by permitting the State to amend the criminal complaint after the close of evidence to add a different theory of DWI. The State originally charged Defendant with DWI, pursuant to Section 66-8-102(A) (impaired to the slightest degree). *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (stating that to prove a Section 66-8-102(A) violation, the state needed to prove that the defendant "was less able to the slightest degree" to drive "as a result of drinking liquor" (internal quotation marks and citation omitted)). After the close of evidence, however, the State moved to amend the complaint to incorporate another theory of DWI pursuant to 66-8-102(C) (per se DWI). *See State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 ("Under the per se standard of Subsection (C), it is unlawful to drive with a [BAC] of .08 or more, regardless of whether impaired driving was shown."). Over Defendant's objection, the metro court granted the State's motion to amend, pursuant to Rule 7-303 NMRA and convicted Defendant of DWI under both the per se and impaired to the slightest degree theories.

**{13}** We review a trial court's application of Rule 7-303 de novo. *See State v. Roman*, 1998-NMCA-132, ¶ 8, 125 N.M. 688, 964 P.2d 852 (reviewing the district court's interpretation and application of a rule of criminal procedure de novo). Rule 7-303(A) states, in pertinent part, that "[t]he court may at any time prior to a verdict cause the complaint or citation to be amended with respect to any such defect, error, omission, imperfection or repugnancy *if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced*." (Emphasis added.) Under Rule 7-303(C) the court "may at any time allow the complaint . . . to be amended in respect to any variance to conform to the evidence."

**{14}** Defendant argues that the metro court erred by allowing the State to amend the charges after the close of evidence and convict Defendant under the per se DWI theory pursuant to Section 66-8-102(C) when the State only charged him under the impaired to the slightest degree theory pursuant to Section 66-8-102(A). Defendant contends that the different subsections represent distinct means of committing the crime of DWI and therefore constitute different offenses. Defendant also argues he was prejudiced by the amendment, which permitted the State to alter its primary theory of guilt after the close of evidence and rely solely on Defendant's breath test results. As a result, Defendant asserts he did not prioritize an attack on the breath test and contends that, had he known the State intended to primarily pursue a per se DWI theory, the defense "may have spent even more time challenging the breath test."

**{15}** But even if we were to assume the metro court erred by permitting the amendment, Defendant fails to point to any prejudice resulting from the amendment that would justify reversal. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."). That is, Defendant was originally charged with impaired to the slightest degree DWI, and—as we discuss below—substantial evidence supports this theory. As a result, regardless of any error that might have occurred in adding a per se DWI theory, we will not reverse Defendant's DWI conviction. In short, the purported error Defendant identifies is not reversible, and we do not typically entertain such claims of error that could have no effect on the resolution of a case.[2] *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)); *Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (observing that "courts exercise judicial restraint by deciding cases on the narrowest possible grounds and avoid reaching unnecessary constitutional issues").

### III. The Metro Court Did Not Err in Determining the Officer Had Probable Cause to Arrest Defendant for DWI

**{16}** Defendant next argues his arrest was not supported by probable cause, and therefore the metro court erred by denying his motion to suppress evidence obtained as a result of his unlawful arrest. "An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 9, 143 N.M. 455, 176 P.3d 1187. "Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that [the d]efendant had been driving while he was to the slightest degree impaired." *Id.* "We judge reasonableness by an objective standard, mindful that probable cause requires more than a suspicion, but less than a certainty." *Sanchez*, 2001-NMCA-109, ¶ 11 (internal quotation marks and citation omitted). "Whether probable cause exists is a mixed question of law and fact. We review legal conclusions de novo, but defer to the trial court's findings of fact." *Granillo-Macias*, 2008-NMCA-021, ¶ 7 (internal quotation marks and citation omitted).

**{17}** Defendant acknowledges the metro court's finding that Defendant was the driver but contends the marginal and contradictory evidence surrounding his demeanor during the incident leading up to his arrest did not rise to the level of probable cause. We disagree.

**{18}** At the suppression hearing, the Officer testified that she arrived at the scene of the car accident around 12:30 a.m., where rescue personnel were tending to possible injuries. Upon approaching Defendant, who was seated in the driver's seat of one of the cars involved in the accident, she noticed bloodshot and watery eyes, slurred speech,

---

[2]In ruling on the State's motion to amend, the metro court noted that the per se DWI theory carried no additional penalty.

and a strong smell of alcohol. Defendant admitted to drinking earlier in the night and indicated to the Officer that he had crashed into the other car.

**{19}** Although the metro court expressed concerns with the Officer's administration of the SFSTs and stated it would not give the SFSTs much weight in its probable cause analysis, the court noted Defendant raised his arms frequently and "seemed to be moving a little bit" during the one-leg stand. In ruling on the impaired to the slightest degree theory of DWI at the conclusion of trial, the metro court also observed that, on the walk-and-turn test, Defendant did not place his foot heel-to-toe on several steps, as the Officer had instructed, stepped off the line by half of his foot at one point, and seemed to have difficulty balancing. *See State v. Johnson*, 1996-NMCA-117, ¶ 21, 122 N.M. 713, 930 P.2d 1165 ("On appeal, we are not limited to the record made on a motion to suppress, but may review the entire record to determine whether there was sufficient evidence to support the trial court's denial of the motion to suppress.").

**{20}** Considering the totality of the circumstances, we conclude it was objectively reasonable for the Officer to believe that Defendant had been driving while he was impaired to the slightest degree. *See, e.g.*, *State v. Ruiz*, 1995-NMCA-098, ¶¶ 3-4, 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where police observed the defendant speeding and weaving, the defendant admitted to having been drinking, the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and the results of the field sobriety tests were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, ¶ 17, 141 N.M. 713, 160 P.3d 894; *cf. Sanchez*, 2001-NMCA-109, ¶¶ 8-9 (holding that an officer had probable cause to arrest the defendant for DWI based on strong odor of alcohol, bloodshot, watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing).

## IV.    Sufficient Evidence Supports Defendant's Convictions

**{21}** Finally, Defendant argues the evidence was not sufficient to sustain his convictions for DWI and following too closely. Viewing the evidence in the light most favorable to sustain the verdicts, as we must, *see State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 239 (when assessing sufficiency, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict" (internal quotation marks and citation omitted)), we find the evidence sufficient to support Defendant's convictions for DWI under both the per se and impaired to the slightest degree theories and for following too closely.

## CONCLUSION

**{22}** For the foregoing reasons, we affirm.

**{23}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**