This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39190**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GABRIEL T. MERENDON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Gabriel Merendon appeals his convictions of twelve counts of criminal sexual penetration of a minor (CSPM) (child under thirteen), contrary to NMSA 1978, Section 30-9-11(D)(1) (2009), and two counts of criminal sexual contact of a minor (CSCM) (child under thirteen), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003), raising three claims of error. First, Defendant argues that the district court abused its discretion in failing to excuse two jurors. Second, Defendant challenges the amendment of the indictment, which changed the charging period for one of the CSPM charges and, according to Defendant, included a firearm enhancement (Count 14). Third, Defendant

contends that Count 14 was not supported by sufficient evidence. For the following reasons, we affirm.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

**DISCUSSION**

**I.      Challenges to Jurors**

**{3}** Defendant contends the district court erred by (1) failing to excuse Alternate Juror No. 2 because of bias,[1] and (2) excusing Juror No. 6 when there was no compelling need, and in doing so, allowed Alternate Juror No. 2 to be seated, despite bias.

**A.      Alternate Juror No. 2**

**{4}** As to Defendant's first juror challenge, the State contends that Defendant's arguments about juror bias were not preserved because he "never actually" moved to strike Alternate Juror No. 2. Defendant asserts, without citation to the record, that the district court was alerted to this issue after voir dire concluded. We agree with the State that this issue was not preserved.

**{5}** "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. "In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors." *State v. Chavez*, 2021-NMSC-017, ¶ 16, 485 P.3d 1279 (internal quotation marks and citation omitted). "This in turn requires assertions of the legal principle and development of the facts." *State v. Adame*, 2020-NMSC-015, ¶ 13, 476 P.3d 872 (alteration, internal quotation marks, and citation omitted). Upon review of the record, it appears that the district court was never presented with a motion to strike this juror for bias. We further observe that this juror was never questioned about potential bias stemming from knowing the prosecutor's mother, and Defendant did not attempt to do so. Instead, Defendant suggested that the jury be instructed to alert the district court with any concerns they may have, and the court gave the requested instruction. Thus, because Defendant failed to invoke a ruling on this issue, it is unpreserved. Because Defendant

---

[1] Defendant also argues that Alternate Juror No. 2 was deceptive during voir dire because the juror did not disclose a Facebook friendship with the prosecutor's mother, Kari Brandenburg. Our review of the record reveals that the district court was never alerted to this Facebook friendship issue, and indeed Defendant's briefing provides no citation to the record. Accordingly, that issue will not be considered. *See Poorbaugh v. Mullen*, 1982-NMCA-141, ¶ 17, 99 N.M. 11, 653 P.2d 511 ("Matters not of record are not before the reviewing court on appeal."); *see also State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("[A]rgument of counsel is not evidence." (internal quotation marks and citation omitted)).

has not asked us to review this claim for fundamental error, we do not address the matter further. *See State v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("[G]enerally, [we] will [not] address issues not preserved below and raised for the first time on appeal."); *see also State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested by the appellant); *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be").

## B.    Panelist 11 Seated as Juror No. 6

**{6}**    On a Tuesday during voir dire, the district court informed the venire that trial could last about four to five days. The district court asked the jury panel about potential scheduling conflicts. Panelist No. 11 disclosed that she was scheduled to travel out of town for work the following week. The district court asked the potential jury panel if anyone would be caused undue hardship by sitting on the jury, and no hands were raised. The parties, by stipulation, struck several panelists for cause. Regarding Panelist No. 11, defense counsel suggested that there was a possibility that jury deliberations might continue into the following week when Panelist No. 11 was scheduled to travel out of town. The State pointed out that so long as the parties anticipate the trial concluding by week's end, then Panelist No. 11's travel plans were not an issue. The district court declined to strike Panelist No. 11 at that point. Panelist No. 11 was seated as Juror No. 6.

**{7}**    That Friday, the court received a note from Juror No. 6 stating that she was leaving town on Sunday. Because jury deliberations were to begin that afternoon, the State recommended replacing Juror No. 6 with Alternate Juror No. 2. The district court accepted the State's recommendation so that the jury would have sufficient time for a full deliberation. Defendant objected, stating that this issue was already addressed during voir dire and that the jury should be allowed to structure its deliberations "as they wish." The district court excused Juror No. 6 and replaced her with Alternate Juror No. 2.

**{8}**    On appeal, Defendant argues that the district court abused its discretion in removing Juror No. 6, and as a result, a biased juror was seated, Alternate Juror No. 2. To the extent that Defendant's contentions rest on the alleged bias of Alternate Juror No. 2, we have addressed this contention in the preceding section and will not consider it further. The State maintains that Defendant has not established prejudice from the juror's replacement, and, in any event, there was no abuse of discretion.

**{9}**    "It is . . . within the discretion of the [district] court to replace seated jurors who, prior to the time the jury retires to consider its verdicts, become or are found to be unable or disqualified to perform their duties with alternate jurors." *State v. Pettigrew*, 1993-NMCA-095, ¶ 15, 116 N.M. 135, 860 P.2d 777 (internal quotation marks and citation omitted). "A [district] court abuses its discretion if it reaches an erroneous conclusion and judgment that is clearly against the logic and effect of the facts and

circumstances before the court, or the reasonable, probable, and actual deductions to be drawn from such facts and circumstances." *Id.* (internal quotation marks and citation omitted).

**{10}** As discussed in the previous section, Defendant did not object to Alternate Juror No. 2 being seated. A defendant does not have a vested right to a particular juror on the panel. *See id.* ¶ 18. We note that Defendant does not challenge the existence of cause to excuse Juror No. 6, instead, Defendant challenges the timing of the excusal. However, Defendant has not established any partiality and prejudice by the jury. Defendant suggests that the length of deliberation indicates that the jury was somehow tainted. Given the speculative nature of Defendant's claim of prejudice, we find that the district court's decision was not "clearly against the logic and effect of the facts and circumstances" before the court, and thus there was no abuse of discretion. *See id.* ¶ 15 (internal quotation marks and citation omitted); *see also State v. Gardner*, 2003-NMCA-107, ¶ 17, 134 N.M 294, 76 P.3d 47 (finding the defendant failed to establish that the jurors ultimately empaneled were motivated by partiality).

## II.    Amended Indictment

**{11}** Next, Defendant argues that the district court erred in amending the charging period to begin almost eight months after the start of the original period set forth in the indictment.[2] Defendant contends that he suffered prejudice from lack of notice and was deprived of the right to present a defense and effectively refute the allegations. The State argues that the amendment was permissible under Rule 5-204(A), (C) NMRA, and therefore, Defendant's substantial rights were not prejudiced because the bill of particulars provided adequate notice of the basis of Count 14.

**{12}** Rule 5-204(A) provides that an indictment may be amended "in respect to any such defect, error, or omission or repugnancy if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." *See State v. Roman*, 1998-NMCA-132, ¶ 9, 125 N.M. 688, 964 P.2d 852 (providing that Rule 5-204(A) "does not allow the [district] court to amend if there is an additional or different offense charged"). Further, Rule 5-204(C) provides that the district court "may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence" so long as the amendment does not charge an entirely new offense and does not prejudice the substantial rights of the defendant. We review the application of Rule 5-204 de novo. *State v. Ancira*, 2022-NMCA-053, ¶ 9, 517 P.3d 292. "As we explained in *Roman*, the distinction lies in the difference between an 'amendment to an information' and an 'amended information.' An amendment to an information occurs when an otherwise adequate information is supplemented. An amendment to an information does not include the addition of a new charge. An amended information adds a new or different charge. It acts as the filing of a new

---

[2]Additionally, Defendant argues that adding the firearm enhancement to Count 14 was an abuse of discretion. However, as the State points out and the record shows, this count was never amended to include a firearm enhancement. Accordingly, we will not consider Defendant's arguments regarding the firearm enhancement further.

instrument that supersedes the original." *Id.* ¶ 10 (internal quotation marks and citations omitted).

**{13}**   As to Count 14, the bill of particulars alleged that "while living in the RV at the Palisades RV Park at 9203 Central AVE, [D]efendant caused [the victim] to engage in sexual intercourse. This act happened close in time after moving into the RV [p]ark." The original indictment contained twenty separate counts with charging periods from March 2013 through February 2018, coinciding with Defendant's relationship with the victim's mother. The State moved to amend the charging period of Count 14 to conform to the victim's testimony that she moved to the Palisades RV Park the day before school started and that she was twelve. The State discovered that the date range in the indictment was incorrect because the victim would not have been twelve during that time. Defendant moved to dismiss Count 14 on the grounds that the victim did not start seventh grade until at least eight months after the indictment period. The district court denied Defendant's motion and allowed the indictment to be amended to conform to the testimony that the incident happened at the beginning of seventh grade.

**{14}**   Defendant's challenge is not that the charging period created a new charge but that he could not mount a defense against Count 14 for the new charging period. However, Defendant does not articulate how he was prejudiced. "The mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction." *State v. Marquez*, 1998-NMCA-010, ¶ 20, 124 N.M. 409, 951 P.2d 1070 (internal quotation marks and citation omitted). "A variance is not fatal unless the accused cannot reasonably anticipate from the indictment what the nature of the proof against him [or her] will be." *Id.* Even though the charging period changed, the nature of the charge and the alleged location did not. *See State v. Dombos*, 2008-NMCA-035, ¶ 25, 143 N.M. 668, 180 P.3d 675 (finding that amending the indictment charging period mid-trial was a permissible variance where the defendant knew the nature of the charges against him and knew the identity of the victim). We conclude that the district court did not err in allowing the amendment.

## III.    Sufficiency of Evidence

**{15}**   Lastly, Defendant argues that there is insufficient evidence to establish that Defendant committed CSPM, as charged in Count 14, when the victim was under the age of thirteen. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2021-NMCA-006, ¶ 11, 482 P.3d 1285 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted). "The relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). We do "not weigh the evidence and may not substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*,

1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{16}** As to Count 14, the jury was instructed, in relevant part, that the State must establish that Defendant engaged in sexual intercourse with the victim and that the victim was under the age of thirteen. The State alleged the incident occurred while the victim resided in an RV at the Palisades RV Park. The victim testified that she moved into the RV park the day before seventh grade started, and she was twelve years old. The victim added that on the day her family moved to the RV park, she was penetrated by Defendant in the back of the RV. The testimony of the victim—providing that she was twelve when she was penetrated at the RV park at the beginning of seventh grade—is sufficient. *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (stating that the testimony of a single witness constitutes sufficient evidence to uphold a conviction). Thus, we conclude that there was sufficient evidence to support the jury's verdict as to Count 14.

**CONCLUSION**

**{17}** For the above reasons, we affirm.

**{18}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**